STATE of Iowa, Appellee,

v.

**David Roy POWERS, Appellant.**

No. 62185.

Supreme Court of Iowa.

April 25, 1979.

Bruce Washburn, of Diehl & Washburn, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., Thomas A. Evans, Jr., Asst. Atty. Gen., and Richard Bordwell, County Atty., for appellee.

Considered by REYNOLDSON, C. J., and REES, McCORMICK, McGIVERIN and LARSON, JJ.

REYNOLDSON, Chief Justice.

This appeal raises issues of interpretation and constitutionality of section 902.7, Code Supp.1977, which imposes a minimum five-year prison sentence upon a defendant found guilty of a "forcible felony" involving the real or simulated threat of a firearm.

March 7, 1978, defendant was charged by trial information with two counts of attempted murder and two counts of willful injury, based upon his acts of shooting his wife and daughter. Defendant entered guilty pleas to the attempted murder counts. The willful injury counts eventually were dismissed. Trial court sentenced defendant to ten years in prison on each count pursuant to sections 707.11 (attempt to commit murder) and 902.9(3) (maximum sentence for felons). Pursuant to section 902.7 (minimum sentence—use of a firearm), trial court ordered him to serve a minimum of five years.

Defendant timely objected to imposition of the mandatory minimum sentences under section 902.7 contending: (1) attempted murder is not a forcible felony, and (2) the statute denies due process because it is vague. These are the two issues he asserts here.

I. *Did trial court properly invoke the section 902.7 minimum sentence?*

Section 902.7 provides:

At the trial of a person charged with participating in a *forcible felony,* if the

trier of fact finds beyond a reasonable doubt that the person is guilty of a *forcible felony* and that the person represented that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the *forcible felony* the convicted person shall serve a minimum of five years of the sentence imposed by law. A person sentenced pursuant to this section shall not be eligible for parole until he or she has served the minimum sentence of confinement imposed by this section.

(Emphasis added.) The legislature defined "forcible felony" in section 702.11:

A "forcible felony" is any felonious assault, murder, sexual abuse, kidnapping, robbery, arson in the first degree, or burglary in the first degree.

Defendant concedes that while participating in the felony of which he was convicted he was armed with a firearm. But he points out attempted murder is not included among those crimes comprising a section 702.11 "forcible felony." He argues the section 702.11 "felonious assault" provision does not apply to him because "felonious assault," a term not defined in the criminal code, includes only those felonies listed in the assault chapter, chapter 708, Code Supp. 1977. He also asserts the initial section 902.7 language, "charged with participating in a forcible felony," conditions imposition of the mandatory minimum sentence on a specific *charge* of participating in a felonious assault. A more liberal construction of the statute, defendant argues, violates the rule that penal statutes must be strictly construed in favor of the accused. *See State v. Lawr,* 263 N.W.2d 747, 750 (Iowa 1978).

■ The reach of sections 902.7 and 702.11 should not be limited to this extent. The strict construction rule will be applied only in doubtful cases and will not be applied where it would lead to absurd results or otherwise defeat obvious legislative intent.

*State v. Nelson,* 178 N.W.2d 434, 437 (Iowa 1970), *cert. denied,* 401 U.S. 923, 91 S.Ct. 864, 27 L.Ed.2d 826 (1971); *State v. Lindsey,* 165 N.W.2d 807, 810 (Iowa 1969); *State v. Leonard,* 255 Iowa 1365, 1368–69, 124 N.W.2d 429, 431–32 (1963); 73 *Am.Jur.2d Statutes* § 296 (1974); 82 *C.J.S. Statutes* § 389, at 929 (1953).

■ Here, the obvious legislative purpose of section 902.7 is to deter the use of firearms by imposition of mandatory minimum penalties. *See State v. Quinones,* 140 N.J. Super. 237, 240–41, 356 A.2d 29, 30 (1976). A determination that the section 902.7 penalty may not be invoked even though a victim is shot during an attempted murder would frustrate the obvious legislative intent and should be avoided if it does not impinge on settled rules of statutory construction.

■ We find nothing doubtful or obscure in the language or intent of section 702.11. All the crimes listed are felonies with the exception of "assault." "Felonious" must necessarily refer to "assault." Thus the phrase "any felonious assault" means any assault the commission of which constitutes a felony.

■ This defendant committed an assault within every section 708.1 definition of that crime. Assault is an included offense of the crime of attempt to commit murder. *Compare* § 708.1 *with* § 707.11, Code Supp.1977. *See State v. Barney,* 244 N.W.2d 316, 318 (Iowa 1976); *State v. Alford,* 260 Iowa 939, 941–43, 151 N.W.2d 573, 574–75 (1967). Attempted murder is a felony. § 707.11. Thus, defendant was guilty of committing a section 702.11 "felonious assault," and consequently, a section 902.7 "forcible felony."

■ Addressing the second prong of defendant's rationale, we do not believe imposition of section 902.7 requires that defendant be specifically charged with a felonious assault. It is sufficient that defendant was charged with committing a felony which necessarily included an assault.

We find no merit in this issue raised by defendant.

 

II. *Is section 902.7 so vague that defendant was deprived of constitutional due process?*

Our holding in division I largely disposes of this issue.

A criminal statute will be found to be void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. *Knight v. Iowa District Court,* 269 N.W.2d 430, 432 (Iowa 1978). This rule has been applied to statutes imposing enhanced punishment. *United States v. Stewart,* 531 F.2d 326, 336–37 (6th Cir.), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 376 (1976).

A person of ordinary intelligence, after examining the statutes and cases referred to in division I, would have fair notice that attempting murder with a firearm would invoke the mandatory minimum sentence of section 902.7. Statutes are not unconstitutionally vague when their meaning can be ascertained by reference to other statutes, adjudicated cases, or dictionary definitions. *Knight,* 269 N.W.2d at 432.

We hold section 902.7, examined as a sentencing statute, is not so vague as to deprive defendant of due process.

We affirm the judgment entered by district court.

AFFIRMED.