**STATE of Iowa, Appellee,**

v.

**Willie Thomas YOUNG, Appellant.**

**No. 63986.**

Supreme Court of Iowa.

June 18, 1980.

Alvin R. Davidson, Asst. Public Defender, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Kathy Krewer, Asst. Atty. Gen., and Jay Nardini, Asst. Black Hawk County Atty., for appellee.

Considered by REES, P. J., and UHLEN-HOPP, McCORMICK, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

The determinative question here is whether terrorism under section 708.6(1), The Code, is a forcible felony as the term is defined in section 702.11. The trial court held it is in sentencing defendant Willie Thomas Young to a mandatory minimum five-year prison term under section 902.7 for use of a firearm in committing a forcible felony. We affirm.

Section 708.6 provides in relevant part:

A person commits a class "D" felony when the person does any of the following with the intent to injure or provoke fear or anger in another:

1. Shoots, throws, launches, or discharges a dangerous weapon at or into any building, vehicle, airplane, railroad engine or railroad car, or boat occupied by another person, and thereby places the occupants thereof in reasonable apprehension of serious injury.

Defendant was charged with a violation of section 708.6 through allegations which made it clear the State was relying on subsection one of the statute:

The said Willie Thomas Young, on or about the 1st day of December, A.D., 1978, in the County of Black Hawk and State of Iowa, did commit terrorism by

discharging a dangerous weapon into a building occupied by another with intent to provoke fear or anger in another, thereby placing the occupants thereof in reasonable apprehension of serious injury; that during the commission of the offense the said Willie Thomas Young was armed with a firearm; contrary and in violation of section 708.6 of the Iowa Criminal Code.

The State's evidence was that on the date alleged defendant had an argument with his sister and brother-in-law while visiting their apartment in a multi-unit Waterloo apartment building. He left the building and went to his automobile from which he took a loaded shotgun. He reentered the building and went to what he thought was the same apartment, where he fired the shotgun through the closed door. It turned out he was on the wrong floor. The shotgun blast struck and injured a little girl who resided in the apartment into which the gun was fired.

Defendant entered a plea of guilty to the charge pursuant to a plea bargain under which a related charge was dismissed. The plea was accepted by Judge C. W. Antes, whose colloquy with the defendant included the following:

THE COURT: . . . The State would have several items to prove. First, the State would have to prove that on or about December 1, 1978, that you discharged a firearm into a building. Could the State prove that beyond a reasonable doubt?

MR. YOUNG: Yes.

THE COURT: The State would also have to prove that by firing this firearm, that you intended to provoke fear or anger in your sister and brother-in-law. Could the State prove that beyond a reasonable doubt?

MR. YOUNG: Yes, sir.

THE COURT: All right; and the State would also have to prove that you placed the occupants in reasonable apprehension of serious injury. Could the State prove that beyond a reasonable doubt?

MR. YOUNG: Yes.

THE COURT: And the State would also have to prove at this time that you had a firearm in your possession, with which you shot into the building.

MR. YOUNG: Right.

Defendant does not challenge his resulting conviction.

Terrorism is a class "D" felony. § 708.6. The maximum penalty for a class "D" felony, when not otherwise prescribed by statute, is confinement for a term of not more than five years and a fine of not more than one thousand dollars. § 902.9(4). The State in this case contended defendant was also subject to the mandatory minimum sentence provisions of § 902.7 because of his admitted use of a firearm in committing the offense.

Section 902.7 provides:

At the trial of a person charged with participating in a forcible felony, if the trier of fact finds beyond a reasonable doubt that the person is guilty of a forcible felony and that the person represented that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the forcible felony the convicted person shall serve a minimum of five years of the sentence imposed by law. A person sentenced pursuant to this section shall not be eligible for parole until he or she has served the minimum sentence of confinement imposed by this section.

Defendant resisted application of this statute to him on two grounds. He contended terrorism is not a "forcible felony," and he asserted he would be denied equal protection of the law under U.S.Const. amend. XIV and Iowa Const. Art. I, § 6, if the statute were applied to him. The trial court overruled his resistance and sentenced defendant under section 902.7. In alleging the court erred, defendant relies on the contentions urged below.

Section 902.7 requires two findings beyond a reasonable doubt before a convicted person is to be sentenced to the minimum

five-year sentence. The trier of fact must find, first, "that the person is guilty of a forcible felony" and, second, "that the person represented that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the forcible felony." In *State v. Matlock*, 289 N.W.2d 625, 629–30 (Iowa 1980), we vacated a sentence under section 902.7 because of the failure of trier of fact to make the requisite finding regarding use of a firearm.

■ No trial occurred in the present case because the defendant was convicted upon his plea of guilty. Thus the findings of fact necessary for application of section 902.7 were not made by a trier of fact. However, this does not mean the statute is inapplicable. A plea of guilty, if voluntarily and intelligently made, relieves the prosecution of the burden of proving any facts necessary to support the conviction. *See State v. Findley*, 239 N.W.2d 852, 853 (Iowa 1976). If the facts necessary for application of section 902.7 were facts which the State would be required to prove in order to convict the defendant, the plea of guilty constitutes a waiver of the necessity that they be proved.

In this case the defendant pled guilty to a charge of terrorism based on the use of a firearm. He did not thereby give up his legal contention that terrorism is not a forcible felony, but his plea did waive his right to require the State to prove his guilt of terrorism by use of a firearm on the occasion involved. The plea colloquy confirms this waiver. Therefore, if terrorism is a forcible felony within the meaning of the statute, defendant's guilt of a forcible felony and use of a firearm were established as required for applicability of section 902.7.

I. *Whether terrorism is a forcible felony.* The term "forcible felony" is defined in section 702.11:

A *"forcible felony"* is any felonious assault, murder, sexual abuse, kidnapping, robbery, arson in the first degree, or burglary in the first degree.

(emphasis in original). Because terrorism is not specifically named in the definition, we must determine whether it is a form of felonious assault.

We defined "felonious assault" as used in section 702.11 in *State v. Powers*, 278 N.W.2d 26, 28 (Iowa 1979), saying that "the phrase 'any felonious assault' means any assault the commission of which constitutes a felony. Thus terrorism is a felonious assault if it is a felony and necessarily includes an assault.

No dispute exists that terrorism is a class "D" felony. The only dispute is whether it requires the commission of an assault. If it does, terrorism satisfies the *Powers* definition and is a forcible felony for purposes of section 902.7.

■ An offense is necessarily included in another if "the minor offense is necessarily an elementary part of the greater." *State v. Marshall*, 206 Iowa 373, 375, 220 N.W. 106, 106 (1928). If the minor offense is so included, "the major offense cannot be committed without also committing the minor offense." *State v. Johnson*, 291 N.W.2d 6, 11 (Iowa 1980) (McCormick, J., concurring).

Terrorism can be committed in a number of alternative ways. We need decide only whether assault is necessarily included in the offense charged here. The present charge falls under the part of section 708.-6(1) which provides terrorism is committed when a person "with the intent to injure or provoke fear or anger in another . . . discharges a dangerous weapon . . . into any building . . . occupied by another person, and thereby places the occupants thereof in reasonable apprehension of a serious injury." The crime of assault is defined in section 708.1 which provides in part that a person commits an assault when "without justification, the person does . . [a]ny act which is intended to cause pain or injury to . . . another, coupled with the apparent ability to execute the act" or "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting or offensive, coupled with the apparent ability to execute the act."

■ Because terrorism under the portion of section 708.6(1) relied on here requires the doing of an act intended to cause injury or place another in fear, a person could not commit that offense without first having the intention required for assault coupled with the apparent ability to execute the act which is threatened in an assault. Terrorism is one means of carrying out such an act. Therefore the crime charged here could not have been committed without also committing an assault. It was thus a felonious assault and, as such, a forcible felony. Consequently the guilty plea established defendant's guilt of a forcible felony in which a firearm was used, and the trial court did not err in holding the offense came within section 902.7.

Defendant argues that the statute is nonetheless inapplicable because the use of the firearm was an element of the offense rather than merely incidental to it. Section 902.7 makes the use of a firearm in committing a forcible felony equally culpable without regard to whether proof of its use is necessary under the definition of the offense or merely accompanies its commission. The distinction makes no difference.

II. *Whether equal protection was denied.* Defendant contends that application of section 902.7 denied him equal protection because two other defendants in Black Hawk County who were convicted of terrorism were not given mandatory minimum sentences. One problem with this contention is that defendant offered no evidence to support it. We have no way to determine the truth of the claim or to compare the circumstances of the cases. We have no occasion to decide whether defendant's claim would be meritorious if he had established a factual predicate for it.

The trial court did not err in sentencing defendant to a mandatory minimum five-year prison sentence under section 902.7.

AFFIRMED.