**STATE of Iowa, Plaintiff,**

v.

**Paul E. HELLWEGE, Judge of the Second Judicial District of Iowa, Defendant.**

**No. 63863.**

Supreme Court of Iowa.

July 16, 1980.

Thomas J. Miller, Atty. Gen., Kathy Krewer, Asst. Atty. Gen., and Jim P. Robbins, Boone County Atty., for plaintiff.

L. W. Courter and Kirke C. Quinn, of Doran, Doran, Courter & Quinn, Boone, for defendant.

Considered by REES, P. J., and UHLENHOPP, HARRIS, ALLBEE, and McGIVERIN, JJ.

ALLBEE, Justice.

Writ of certiorari was granted in this case for review of the district court's refusal to impose the mandatory minimum five-year sentence of confinement prescribed by section 902.7, The Code 1979, for being armed with a firearm while committing a "forcible felony."

Frances Ester Conyers was found guilty by a jury of voluntary manslaughter in

violation of section 707.4, The Code, on June 7, 1979. In response to an interrogatory, the jury also found beyond a reasonable doubt that Conyers was armed with a firearm at the time the offense was committed.

Subsequently, defendant Judge Paul E. Hellwege sentenced Conyers to a term of imprisonment not to exceed ten years. In its judgment, the court declined to apply the section 902.7 minimum sentence for the stated reason that voluntary manslaughter is not a "forcible felony" as that term is defined in the Code.

The State then challenged that ruling by filing an application for correction of sentence, which was denied by defendant. Finally, the State sought and was granted a petition for a writ of certiorari, alleging that defendant acted illegally in refusing to sentence Conyers pursuant to section 902.7. The text of that section follows:

> At the trial of a person charged with participating in a forcible felony, if the trier of fact finds beyond a reasonable doubt that the person is guilty of a forcible felony and that the person represented that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the forcible felony the convicted person shall serve a minimum of five years of the sentence imposed by law. A person sentenced pursuant to this section shall not be eligible for parole until he or she has served the minimum sentence of confinement imposed by this section.

■ As recently stated in *State v. Young*, 293 N.W.2d 5, 7 (Iowa 1980), in order for the section 902.7 minimum five-year prison term to apply, two facts must be found beyond a reasonable doubt. The first is "that the person is guilty of a forcible felony," and the second is "that the person represented that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the forcible felony." *Id.* at 7 (quoting § 902.7, The Code). The

jury's response to the interrogatory fulfilled the second requirement. Its verdict of guilty of voluntary manslaughter also meets the first requirement if voluntary manslaughter is a forcible felony. We conclude, contrary to defendant, that it is and thus sustain the writ.

In *Young*, we determined that terrorism, delineated in section 708.6(1), The Code, is a forcible felony as that term is defined in the Code. Previously, this court decided that attempted murder is also included within the Code definition of forcible felony. *State v. Powers*, 278 N.W.2d 26, 27–28 (Iowa 1979). Neither terrorism nor attempted murder are specifically named in section 702.11, which defines a forcible felony as "any felonious assault, murder, sexual abuse, kidnapping, robbery, arson in the first degree, or burglary in the first degree." Nonetheless, both crimes were found to be forms of "felonious assault" and therefore included within the definition of a forcible felony. *Young*, 293 N.W.2d at 8; *Powers*, 278 N.W.2d at 28.

Under *Powers* and *Young*, a crime is a form of "felonious assault" if it is a felony and it necessarily includes an assault. *Young*, 293 N.W.2d at 7; *see Powers*, 278 N.W.2d at 28. Voluntary manslaughter is a class "C" felony. § 707.4, The Code. Thus, the determinative narrow issue before us is whether voluntary manslaughter necessarily includes an assault.

In order to decide whether a particular felony necessarily includes an assault for the purpose of ascertaining whether it falls within the statutory definition of a forcible felony, we must determine whether voluntary manslaughter cannot be committed without also committing an assault, *i. e.*, whether assault is necessarily an element of voluntary manslaughter. *Young*, 293 N.W.2d at 7. Section 707.4 provides the following definition of voluntary manslaughter:

> A person commits voluntary manslaughter when that person causes the death of another person, under circumstances which would otherwise be murder, if he or she acts solely as the result

of sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a person and there is not an interval between the provocation and the killing in which a person of ordinary reason and temperament would regain his or her control and suppress the impulse to kill.

Although no intent element is specified, a requirement of intent to kill may be inferred from the language of section 707.4. "707.4 does not state that its application should be confined to intentional killings, but its references to sudden, violent and irresistible passion, and the impulse to kill, inevitably lead to that conclusion." J. Yeager & R. Carlson, 4 *Iowa Practice: Criminal Law and Procedure* § 145 (1979).

Assault is defined in section 708.1 in part as "without justification" doing "[a]ny act which is intended to cause pain or injury to . . . another, coupled with the apparent ability to execute the act." We are satisfied that an individual cannot intentionally kill someone, even though instigated by the heat of passion, without also doing an act intended to cause injury accompanied by the apparent ability to execute the injurious act.

In defense of its ruling, defendant asserts that as all the crimes named in section 702.11 include an element of specific intent and voluntary manslaughter lacks such an element, voluntary manslaughter does not fit within the category of crimes given in section 702.11. First, we cannot accept defendant's premise. Not all the crimes listed in section 702.11 are specific intent crimes; specific intent is not an element of sexual abuse. See § 709.1, The Code; *cf. State v. Johnson*, 291 N.W.2d 6, 9 (Iowa 1980) (explaining the intent requirement as one of general intent to commit the proscribed conduct). Secondly, we perceive no relationship between the asserted distinction and the purpose of section 902.7, which we explained in *Powers* as to deter the use of firearms. 278 N.W.2d at 28.

Defendant also urges that section 902.7 should be narrowly construed so as to apply to only those crimes specifically mentioned therein, citing the general rule of strict construction for penal statutes. *See, e. g., State v. Lawr*, 263 N.W.2d 747, 750 (Iowa 1978); *State v. Kool*, 212 N.W.2d 518, 520 (Iowa 1973). This position, however, was rejected in *Powers* by the explanation that such rule would only be applied in doubtful cases and not where it would defeat obvious legislative intent or produce absurd consequences. 278 N.W.2d at 28. The opinion proceeded to conclude that rejecting application of section 902.7 where, as in *Powers*, the victim had been shot, would indeed frustrate the legislative intent of deterring firearm usage. Given the *Powers* rationale, section 902.7 is certainly applicable here as well, where the victim was not only shot but also killed by the use of a firearm.

■ Finally, defendant claims that interpreting section 902.7 so as to pertain to voluntary manslaughter would improperly constitute legislating by this court in its own right. *See, e. g., Doe v. Ray*, 251 N.W.2d 496, 501 (Iowa 1977). We disagree. Interpretation of statutes is a question of law which must be determined by the judiciary. *E. g., Hamilton v. City of Urbandale*, 291 N.W.2d 15, 19 (Iowa 1980). The phrase "felonious assault" is nowhere defined in the Iowa Criminal Code. Determining the meaning of that phrase in light of meanings given it in related statutory sections and of the purpose of section 902.7 in a way so as to avoid absurd and unreasonable consequences is following well-settled canons of statutory interpretation, not judicially legislating. *See, e. g., State v. Schmitt*, 290 N.W.2d 24, 26 (Iowa 1980); *Loras College v. Iowa Civil Rights Commission*, 285 N.W.2d 143, 147–48 (Iowa 1979).

In conclusion, we hold that voluntary manslaughter is a felonious assault included within the meaning of the term forcible felony as contained in section 902.7 such that a conviction of voluntary manslaughter committed by the use of a firearm requires the imposition of a mandatory minimum sentence of five years of imprisonment.

WRIT SUSTAINED; REMANDED FOR RESENTENCING.