STATE of Iowa, Plaintiff,

v.

The IOWA DISTRICT COURT FOR SHELBY COUNTY, and Paul H. Sulhoff, Judge, Defendants.

No. 65109.

Supreme Court of Iowa.

July 15, 1981.

J. C. Salvo, Shelby County Atty., and Joseph C. Lauterbach, Asst. Shelby County Atty., for plaintiff.

Grant E. McMartin of McMartin & Anderson, Harlan, for defendants.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE, and SCHULTZ, JJ.

SCHULTZ, Justice.

In this original certiorari action, plaintiff, State of Iowa, challenges the authority of defendants, The Iowa District Court for Shelby County and The Honorable Paul H. Sulhoff, Judge, to grant suspended sentences and probation to Roger Petersen for his convictions by guilty pleas of third-degree kidnapping and assault while participating in a felony. Petersen is the real party in interest in this action and was allowed to file a brief for the nominally named defendants.

The facts underlying the two convictions, as contained in the minutes of testimony of the State's witnesses, are as follows. On November 24, 1979, Petersen entered the emergency room of the Myrtue Memorial Hospital in Harlan, Iowa, with a shotgun, hatchet, and machete. He refused to allow the nurse on duty to leave the emergency room and demanded that he be provided with drugs or other means of committing suicide. Petersen indicated that the shotgun was loaded, and he would use it if necessary. Police officers surrounded the hospital, and Petersen and the nurse conversed with them via telephone. Subsequently, Petersen released the nurse unharmed but discharged the gun inside the hospital; some of the pellets from the gunshot struck a deputy sheriff in the face.

On December 3 Petersen was charged by two trial informations with the offenses of assault with intent to inflict serious injury and kidnapping in the second degree in violation of sections 708.2(1) and 710.3, The Code, respectively. Following events not relevant here, a plea bargain was struck, and Petersen pled guilty to assault while participating in a felony in violation of section 708.3, The Code, and kidnapping in the third degree in violation of section 710.4, The Code. Judge Keith E. Burgett accepted the pleas and, *inter alia*, made a special finding of fact that Petersen was in possession of a firearm during the commission of the crime of assault while participating in a felony. No such finding was made with respect to the kidnapping offense, however.

Judge Paul H. Sulhoff subsequently imposed concurrent sentences of not to exceed five and ten years on the respective convictions of assault while participating in a felony and third-degree kidnapping. However, both sentences were suspended, and Petersen was placed on probation, subject to certain conditions.

The State contends that the district court: (1) lacked authority to suspend Petersen's sentences and place him on probation; and (2) was required by statute to impose a mandatory minimum sentence of five years imprisonment, since Petersen was in possession of a firearm during the commission of forcible felonies. The State requests that the suspended sentences be annulled and that the case be remanded for resentencing. Petersen argues that in plea bargaining the prosecution determines whether the statutory mandatory minimum sentence will be applicable, which invades the sentencing function of the judiciary and violates the separation of powers provision embodied in article 3, section 1 of the Iowa Constitution. Petersen also maintains that if the trial court erred in suspending his sentences he should not be resentenced, because imposition of the mandatory minimum sentence would be unfair.

■ *I. Suspended sentences.* A court has no power to suspend a sentence unless that power is conferred by statute. *State v. District Court*, 248 Iowa 250, 254, 80 N.W.2d 555, 557 (1957). Authority to grant deferred judgments and suspended sentences is found in section 907.3, The Code, which contains the following limitation: "However, this section shall not apply to a forcible felony." Section 907.3 therefore precludes a trial court from suspending the sentence of a defendant convicted of a forcible felony. *State v. Broten*, 295 N.W.2d 453, 454 (Iowa 1980).

■ The definition of forcible felony expressly includes kidnapping and "any felonious assault." § 702.11, The Code. We have interpreted the phrase "any felonious assault" to mean any assault the commission of which constitutes a felony. *State v. Hellwege*, 294 N.W.2d 689, 690 (Iowa 1980); *State v. Young*, 293 N.W.2d 5, 7 (Iowa 1980); *State v. Powers*, 278 N.W.2d 26, 28 (Iowa 1979). Assault while participating in a felony constitutes a felony. § 708.3, The Code. Thus, assault while participating in a felony and third-degree kidnapping are forcible felonies for purposes of section 907.3, and the sentencing court lacked authority to grant suspended sentences for these offenses.

*II. Mandatory minimum sentence.* Section 902.7, The Code provides:

> At the trial of a person charged with participating in a forcible felony, if the trier of fact finds beyond a reasonable doubt that the person is guilty of a forcible felony and that the person represented that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the forcible felony the convicted person shall serve a minimum of five years of the sentence imposed by law. A person sentenced pursuant to this section shall not be eligible for parole until he or she has served the minimum sentence of confinement imposed by this section.

The State contends that this provision required the sentencing court to sentence Petersen to a minimum term of five years imprisonment. We agree.

A valid guilty plea relieves the prosecution of having to prove any facts necessary to support a conviction. *State v. Young*, 293 N.W.2d at 7. "If the facts necessary for application of section 902.7 were facts which the State would be required to prove in order to convict the defendant, the plea of guilty constitutes a waiver of the necessity that they be proved." *Id.* Thus, Petersen's guilty pleas constituted waiver of the necessity that the State prove he was guilty of a forcible felony with respect to both assault while participating in a felony and third-degree kidnapping. The guilty pleas did not waive the requirement of proof of the use of a firearm during the commission of these offenses, however, since this is not an essential element of either crime. *See* §§ 708.3, 710.4, The Code.

In accepting Petersen's plea of guilty of third-degree kidnapping, Judge Burgett made no finding of fact concerning use of a firearm. The findings are therefore inadequate to support the application of section 902.7 to that conviction. Judge Burgett specifically found that Petersen was in possession of a firearm during the commission of assault while participating in a felony, however, in accepting his plea of guilty to that offense. This finding of fact has not been challenged by Petersen. We therefore conclude that both of the required tests of section 902.7 were met with respect to the conviction of assault while participating in a felony. Under section 902.7 the sentencing court was required to impose a minimum sentence of five years imprisonment. *State v. Hellwege*, 294 N.W.2d at 691; *see State v. Jackson*, 204 N.W.2d 915, 917 (Iowa 1973).

Petersen contends, however, that the application of section 902.7 in conjunction with plea bargaining under Iowa R.Crim.P. 9 violates the doctrine of separation of powers, as embodied in article 3, section 1 of the Iowa Constitution, which provides:

> The powers of the government of Iowa shall be divided into three separate departments—the Legislative, the Executive, and the Judicial; *and no person charged with the exercise of powers properly belonging to one of these departments, shall exercise any function appertaining to either of the others*, except in cases hereinafter expressly directed or permitted.

(emphasis added). Specifically, Petersen claims that in plea bargaining the prosecution, which is part of the executive branch, has the discretionary power to determine the charge a defendant will be convicted of, and whether to allege that a firearm was used in the commission of the offense; therefore, the prosecution determines whether the mandatory minimum sentence will be imposed. In so doing, Petersen argues, the executive branch usurps the judiciary's sentencing function. Petersen cites no authority for this position, however, and we find no merit in it.

First, the sentencing process is not the sole province of the judiciary. The legislature possesses the inherent power to prescribe punishment for crime, and the sentencing authority of the courts is subject to that power. *State v. Jackson*, 204 N.W.2d at 916; 22 C.J.S. *Criminal Law* § 13 (1961); *cf. State v. Holmes*, 276 N.W.2d 823, 830 (Iowa 1979) (judiciary holds no inherent power to grant probation); *State v. Wright*, 202 N.W.2d 72, 76 (Iowa 1972) (same). In addition, the legislature has properly placed the authority to plea bargain with the prosecution. Discretion as to what charge to prosecute is normally left to the authority charged with the duty to prosecute. *State v. Kyle*, 271 N.W.2d 689, 693 (Iowa 1978); *State v. Russell*, 259 Iowa 1133, 1138, 147 N.W.2d 22, 25 (1966). Furthermore, when a plea bargain has been struck, the court has the authority to accept the plea agreement, or to reject it. Iowa R.Crim.P. 9(3)–(4).

Plea bargaining precedes adjudication of guilt. Sentencing is an independent function that follows the adjudication of guilt; it is the sole duty of the judiciary, subject to statutory prescriptions of the legislature. The charge levied by the prosecution, including a reduced charge by plea bargaining, undeniably affects the sentence ultimately imposed by the court, whether or

not a mandatory minimum sentence is involved. The authority to plea bargain does not invade the sentencing authority reserved to the judiciary by the Constitution, however.

*III. Unfairness of resentencing.* Although we have determined that the trial court erred in sentencing Petersen, he contends that resentencing would be unfair. We find this argument unpersuasive.

The suspended sentences were not authorized by statute and were thus void. *See State v. Wiese,* 201 N.W.2d 734, 738 (Iowa 1972). The legislature has required the imposition of the mandatory minimum sentence. Had the sentencing court possessed discretion to suspend Petersen's sentences and place him on probation, we would not interfere. The court possessed no such discretion, however. Such unauthorized sentencing gives the defendant "no vested right to prevent assessment of penalties authorized by . . . statute even where they are greater." *Id. See also State v. Hellwege,* 294 N.W.2d at 691; *State v. Taylor,* 258 Iowa 94, 96–98, 137 N.W.2d 688, 689–90 (1965); *State v. Shilinsky,* 248 Iowa 596, 602–03, 81 N.W.2d 444, 449 (1957); *State v. District Court,* 248 Iowa at 255, 259, 80 N.W.2d at 558, 560–61.

In conclusion, we hold that defendants lacked authority to suspend Petersen's sentences and place him on probation, and that section 902.7 required defendants to impose a minimum sentence of five years imprisonment for the conviction of assault while participating in a felony. This matter is therefore remanded to the district court for resentencing in accordance with this opinion.

WRIT SUSTAINED; REMANDED FOR RESENTENCING.