**STATE of Iowa, Appellant,**

v.

**John Henry WEBB, Appellee.**

**No. 65862.**

Supreme Court of Iowa.

Dec. 23, 1981.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and Michael P. Short, Lee County Atty., for appellant.

James P. Hoffman, Keokuk, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, ALLBEE and LARSON, JJ.

ALLBEE, Justice.

The sole issue in this case is whether felonious involuntary manslaughter is a "forcible felony" within the meaning of sections 702.11 and 902.7, The Code 1979. We hold that it is not.

Defendant was charged with first degree murder, a violation of sections 707.1 and 707.2, The Code 1979, in the January 1980 shooting death of Phillip Woods. Further facts concerning the shooting incident which resulted in Woods's death are not discernable from the limited record before us. At trial, the jury returned a verdict finding defendant guilty of involuntary manslaughter, a violation of section 707.-5(1), The Code 1979. In response to a special interrogatory, the jury also found that defendant was armed with a firearm at the time of the offense.

Trial court sentenced defendant to a prison term not to exceed five years. The State urged that the five-year sentence should be imposed as a mandatory minimum sentence pursuant to section 902.7, because defendant had committed a "forcible felony" while armed with a firearm. However, because of the trial judge's uncertainty as to whether involuntary manslaughter was a "forcible felony" within the meaning of section 902.7, he declined to impose the sentence as a mandatory minimum. To clear up this uncertainty, we granted the State's application for discretionary review pursuant to section 814.-5(2)(d), The Code.

Section 902.7 states:

At the trial of a person charged with participating in a forcible felony, if the trier of fact finds beyond a reasonable doubt that the person is guilty of a forcible felony and that the person represented that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the forcible felony the convicted person shall serve a minimum of five years of the sentence imposed by law. A person sentenced pursuant to this section shall not be eligible for parole until he or she has served the minimum sentence of confinement imposed by this section.

Because the jury found beyond a reasonable doubt that defendant was guilty of involun-

tary manslaughter and that defendant was armed with a firearm during commission of the offense, see State v. Matlock, 289 N.W.2d 625, 629–30 (Iowa 1980), the applicability of section 902.7 depends solely on whether involuntary manslaughter is a "forcible felony."

The Code defines a "forcible felony" as "*any felonious assault,* murder, sexual abuse, kidnapping, robbery, arson in the first degree, or burglary in the first degree." § 702.11 (emphasis added).

This court has held that the crimes of *voluntary* manslaughter, terrorism and attempted murder are "forcible felonies" even though not explicitly named in section 702.-11. See State v. Hellwege, 294 N.W.2d 689, 691 (Iowa 1980) (voluntary manslaughter); State v. Young, 293 N.W.2d 5, 8 (Iowa 1980) (terrorism); State v. Powers, 278 N.W.2d 26, 28 (Iowa 1979) (attempted murder). Each of these crimes was held to constitute a "felonious assault." The State in the case at bar contends that involuntary manslaughter is likewise a form of "felonious assault" and is thus a "forcible felony."

In Powers we said that the phrase "any felonious assault" in section 702.11 "means any assault the commission of which constitutes a felony." 278 N.W.2d at 28. Thus, a crime is a form of "felonious assault" if it is a felony and it necessarily includes an assault. Hellwege, 294 N.W.2d at 690; Young, 293 N.W.2d at 7. Involuntary manslaughter is a class "D" felony when death results from commission of a "public offense other than a forcible felony or escape," § 707.5(1), but it is only an aggravated misdemeanor when death results from "commission of an act in a manner likely to cause death or serious injury," § 707.5(2), The Code 1979. The involuntary manslaughter instruction submitted to the jury referred only to the "public offense" version of the crime; thus, it is plain that the jury found defendant guilty of a class "D" felony. Therefore, the sole question for determination is whether the "public offense" type of involuntary manslaughter necessarily includes an assault.

A greater offense necessarily includes a lesser one if the lesser offense is composed *solely* of some but not all elements of the greater crime, and if it is impossible to commit the greater offense without committing the lesser. State v. Sangster, 299 N.W.2d 661, 663 (Iowa 1980). The essential elements of the offenses being compared are established by the statutes and not the accusatory charge. *Id.; State v. Redmon,* 244 N.W.2d 792, 801 (Iowa 1976). When a statute defines an offense alternatively, however, we have looked to the charge to determine the statutory alternative upon which the State has relied. See Sangster, 299 N.W.2d at 663; Young, 293 N.W.2d at 7.

The "public offense" type of involuntary manslaughter may be committed in a large variety of alternative ways. Each public offense defined by the Code, other than a forcible felony or escape, constitutes a separate, alternative method of committing the single offense of involuntary manslaughter as defined in section 707.5(1). It is plain from the instructions submitted to the jury that the particular public offense relied upon by the State in this case was an assault, as defined by section 708.1, The Code 1979.

Our cases have drawn a distinction between alternative *ways* of committing an offense and alternative *enumerated definitions* of an offense. Although we look to the indictment or information to determine the enumerated statutory definition of a particular offense with which the defendant has been charged, alternative ways of committing a crime *within* an enumerated definition are not similarly treated. See State v. Law, 306 N.W.2d 756, 759 (Iowa 1981). This is because the legal test for identifying lesser included offenses depends on the statutory definition of the greater offense rather than the evidence by which the offense may be proved in a particular case. See State v. Stewart, 223 N.W.2d 250, 252 (Iowa 1974), cert. denied, 423 U.S. 902, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975). Evidence of an assault may be used to prove the public offense element of a felonious invol-

untary manslaughter charge, but the element may also be established through proof of other public offenses. Thus the statutory delineation of the greater offense does not include assault as a necessary constituent.

Because it is thus possible to commit the crime of involuntary manslaughter as defined by section 707.5(1) without committing assault, the greater crime does not necessarily include an assault. *See Sangster*, 299 N.W.2d at 663. Therefore, felonious involuntary manslaughter does not meet the test of a "felonious assault" as stated in *Hellwege* and *Young*. Accordingly, the crime is not a "forcible felony," and trial court did not err in refusing to impose defendant's sentence as a mandatory minimum pursuant to section 902.7.

AFFIRMED.

All Justices concur except LeGRAND, J., who concurs in the result.