**STATE of Iowa, Appellee,**

v.

**Thomas James VAVRIK, Appellant.**

No. 68632.

Supreme Court of Iowa.

July 20, 1983.

Francis C. Hoyt, Jr., Appellate Defender, Linda Del Gallo, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON, and WOLLE, JJ.

HARRIS, Justice.

Defendant appeals from his conviction of terrorism in violation of Iowa Code § 708.6 (1983). Because the trial court erred in sentencing him to a mandatory minimum sentence under section 902.7 we vacate the sentence imposed and remand the case for resentencing.

The defendant does not remember much about the early morning of January 16, 1982, but his neighbor and several Waterloo policemen certainly do. On that night, the defendant evidently became quite drunk before returning to his trailer home in Waterloo. He drove his car between the trailers and, in the process, woke up his next door neighbor, Carol Hesseltine, who was the manager of the park. Hesseltine called the defendant's wife to see what was going on, and eventually called the Waterloo police. She then heard the defendant kicking her trailer and the glass in her bedroom window break.

After the police arrived, the defendant fired a few shots out of his trailer from his shotgun. One shot was fired into the snow

in front of his doorway, another went through the trailer's storm door into Hesseltine's trailer. A third shot blew out the headlight of defendant's car. None of the shots seemed aimed at anyone in particular. Defendant's wife escaped to the police, but defendant's ten-month-old daughter remained in the trailer.

The police treated the affair as a hostage situation. Defendant shouted threats at the police who were finally able to convince him to surrender.

Section 708.6 provides:

A person commits a class "D" felony when the person, with the intent to injure or provoke fear or anger in another, shoots, throws, launches, or discharges a dangerous weapon at, into, or in a building, vehicle, airplane, railroad engine, railroad car, or boat, occupied by another person, or within an assembly of people, and thereby places the occupants or people in reasonable apprehension of serious injury or threatens to commit such an act under circumstances raising a reasonable expectation that the threat will be carried out.

Under the trial information defendant was charged with both alternatives of terrorism; but he was convicted only of the second ["threatening"] alternative. The trial court believed it was required to sentence pursuant to Iowa Code § 902.7 which provides that a person shall be ineligible for parole prior to serving at least five years if convicted for an offense which involved, in a prescribed manner, the use of a firearm. The trial court stated: "I will now state my reasons for imposing this sentence .... I have done so solely because I hold that the provisions of Iowa Code § 902.7 are mandatory. I do not find that this is an aggravated case."

Under the evidence defendant might have been subject to section 902.7; but the jury was instructed to consider the charge only under the "threatens" alternative. The prosecutor and the trial court apparently believed this was required by an amendment to the statute. See 1981 Iowa Acts ch. 204 § 5. But see 4 J. Yeager & R.

Carlson, *Iowa Practice: Criminal Law and Procedure*, § 181 at 21 (1983 Supp.).

In order for section 902.7 to apply here, two facts must have been proven beyond a reasonable doubt. The accused (1) must be guilty of a forcible felony and (2) must have represented that he or she was in the immediate possession and control of a firearm. *State v. Hellwege*, 294 N.W.2d 689, 690 (Iowa 1980). A forcible felony is defined in section 702.11 as including, among other things, a "felonious assault."

We have defined a "felonious assault" as "any assault the commission of which constitutes a felony." *State v. Powers*, 278 N.W.2d 26, 28 (Iowa 1979). "Thus, a crime is a form of 'felonious assault' if it is a felony and it necessarily includes an assault." *State v. Webb*, 313 N.W.2d 550, 552 (Iowa 1981). Under this analysis, a number of crimes constitute a "felonious assault" (in other words, a forcible felony) even though not specifically mentioned in section 702.11. *See State v. Hellwege*, 294 N.W.2d at 691 (voluntary manslaughter); *State v. Young*, 293 N.W.2d 5, 8 (Iowa 1980) ("shoots" alternative of terrorism); *State v. Powers*, 278 N.W.2d at 28 (attempted murder). On the other hand involuntary manslaughter does not constitute a "felonious assault" (or forcible felony) because it is possible to commit involuntary manslaughter without committing an assault. *See State v. Webb*, 313 N.W.2d at 552–53.

The question here then comes down to whether the "threatens to shoot" alternative of terrorism, which clearly is a felony, necessarily includes an assault. In *State v. Smith*, 309 N.W.2d 454, 456–57 (Iowa 1981), we held assault was not a lesser included offense of the "threatens to shoot" alternative of terrorism, the alternative defendant was convicted of here.

Under *Smith* the "threatening" form of terrorism does not constitute a felonious assault. *See State v. Webb*, 313 N.W.2d at 552–53 (defendant, though guilty of felony version of involuntary manslaughter, was not guilty of a "forcible felony" under section 902.7; "[b]ecause it is possible to com-

mit ... involuntary manslaughter ... without committing assault, the greater crime does not necessarily include an assault"). Accordingly defendant's sentence did not comply with statutory requirements. He should be resentenced without consideration of section 902.7. *See State v. Matlock,* 289 N.W.2d 625, 630 (Iowa 1980).

SENTENCE VACATED. CASE REMANDED FOR RESENTENCING.