STATE of Iowa, Appellee,

v.

Steven E. LONG, Appellant.

No. 92-317.

Supreme Court of Iowa.

Aug. 3, 1992.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., John P. Sarcone, County Atty., and James Ramey, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and CARTER, and NEUMAN, JJ.

PER CURIAM.

On August 30, 1990, the State charged Steven Long by trial information of murder in the first degree. A jury trial commenced, and on March 15, 1991, the jury found Long guilty of the lesser offense of voluntary manslaughter. On May 29, 1991, the district court sentenced Long to a term of incarceration not to exceed ten years.

On June 3, 1991, Long filed a notice of appeal. *See State v. Long,* No. 91–864.

On January 6, 1992, Long filed a motion to set appeal bond. Long argued that he should be allowed to post bail while his appeal is pending since voluntary manslaughter is not included among the list of offenses set out in Iowa Code section 811.-1(2) (1991). Long also argued that it violates rules of statutory construction to conclude that the legislature intended voluntary manslaughter to be included in Iowa Code section 811.1(2) simply because felonious assault is arguably a lesser included offense.

On February 18, 1992, the district court concluded that felonious assault as contained in Iowa Code section 811.1(2) encompasses a voluntary manslaughter conviction. The district court relied upon this court's decision, which held that voluntary manslaughter was a forcible felony pursuant to Iowa Code section 702.11. *See State v. Hellwege,* 294 N.W.2d 689 (Iowa 1980). Therefore, the district court ruled that bail was not available. Long has filed this appeal. We affirm.

Iowa Code section 811.1(2) permits a defendant appealing a conviction to post bond except when the defendant appeals from a conviction of certain enumerated offenses. Voluntary manslaughter is not specifically set out in section 811.1(2); however, felonious assault is included. The legislature has not defined felonious assault. This court has determined that a crime is a form of felonious assault if it is a felony and it necessarily includes an assault. *See State v. Webb,* 313 N.W.2d 550, 552 (Iowa 1981). This court has held that voluntary manslaughter is a felonious assault. *State v. Hellwege,* 294 N.W.2d at 691. Therefore, we conclude that voluntary manslaughter is included in section 811.1(2) felonious assault, and Long is not eligible for an appeal bond.

AFFIRMED.