# IN THE COURT OF APPEALS OF IOWA

No. 15-1141
Filed April 6, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FELICIA MAE WILSON, a/k/a FELICIA MAE KLEIN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Andrea J. Dryer, Judge.

Felicia May Wilson appeals her convictions for false reports and malicious prosecution. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Joseph A. Fraioli (until withdrawal) and Theresa R. Wilson, Assistant Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Katie Krickbaum (until withdrawal), Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Felicia Mae Wilson (also known as Felicia Mae Klein) appeals her convictions for filing a false report to public safety entities and malicious prosecution. She asserts the district court erred when it failed to merge the convictions because the elements of the "criminal act" alternative in the false-reporting statute under which she was charged cannot be met without proving the elements of malicious prosecution. We conclude the district court properly imposed both sentences because it was not required to merge the convictions; consequently, we affirm.

On December 15, 2014, Wilson went to the Buchanan County Sheriff's Office and reported Chad Knight assaulted her the night before and she was scared to return to their residence. She added Knight had assaulted her two days earlier as well. As a result, Knight was arrested for domestic abuse assault. On December 22, 2014, Wilson returned and filed a statement wherein she asserted she and Knight were just friends, and further claimed she was not a victim but had been pushed by her mother and stepfather into filing a complaint against Knight. She then requested all charges pending against Knight be dismissed. According to the incident report, Wilson lied about Knight assaulting her out of anger and stated he did not touch her in any harmful way.[1]

Wilson was charged on January 13, 2015, with one count of false report to, or communications with, public safety entities, in violation of Iowa Code section 718.6(1) (2013), and one count of malicious prosecution, in violation of Iowa Code section 720.6. Wilson pled guilty to both charges on June 22, 2015,

---

[1] Upon her arrest, the deputy reported Wilson stated to him that she did have bruises.

and the district court sentenced her to 180 days in jail for each count, suspended, with the sentences to run concurrently. Wilson appeals.

We review alleged violations of the merger doctrine for correction of errors at law. *State v. Anderson*, 565 N.W.2d 340, 342 (Iowa 1997).

Iowa Code section 701.9, which codifies the merger doctrine, states:

> No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

*See also* Iowa R. Crim. P. 2.6(2). Merger must occur when it is legally impossible to commit the greater offense without also committing the lesser; in making this determination, we compare the elements of the crimes in the manner the State sought to prove them. *State v. Miller*, 841 N.W.2d 583, 588 (Iowa 2014); *see also State v. Webb*, 313 N.W.2d 550, 552 (Iowa 1981) ("When a statute defines an offense alternatively, the alternative upon which the State relies controls.").

The crime of false report to, or communications with, public safety entities is found in chapter 718 of the Iowa Code, which is entitled, "Offenses against the Government." The section Wilson was charged under provides:

> A person who reports or causes to be reported false information to a fire department, a law enforcement authority, or other public safety entity, knowing that the information is false, or who reports the alleged occurrence of a criminal act knowing the act did not occur, commits a simple misdemeanor, unless the alleged criminal act reported is a serious or aggravated misdemeanor or felony, in which case the person commits a serious misdemeanor.

Iowa Code § 718.6(1). Thus, the applicable (or serious misdemeanor) crime of false reporting contains the following elements: (1) report of an alleged occurrence of a criminal act, (2) while knowing the act did not occur, and (3) the crime reported was a serious or aggravated misdemeanor or felony. *Id.*

In contrast, the crime of malicious prosecution is found in chapter 720, entitled, "Interference with Judicial Process." That section provides: "A person who causes or attempts to cause another to be indicted or prosecuted for any public offense, having no reasonable grounds for believing that the person committed the offense commits a serious misdemeanor." *Id.* § 720.6. With regard to malicious prosecution, the defendant must (1) cause or attempt to cause, (2) another person to be indicted or prosecuted for any public offense, and (3) there were not reasonable grounds for believing the person committed the offense. *Id.*

As the State argues, because the crimes are found in two different chapters of the Iowa Code, each has a separate purpose and each address a different harm—false reporting is a crime against the government, and malicious prosecution is directed against the judicial process. *Compare id.* § 718.6(1), *with id.* § 720.6; *see also State v. Halliburton*, 539 N.W.2d 339, 344–45 (Iowa 1995) (noting that, while the two crimes of possession of an offensive weapon and possession of an offensive weapon by a felon contained the same elements, the legislature intended that separate punishments be imposed, as evidenced by the fact the crimes had "differing purposes"; thus, the Double Jeopardy Clause was not violated and no merger was required).

Another important distinction is that, to be convicted of false reporting, the defendant must *know* the reported crime did not in fact occur; in contrast, malicious prosecution requires that there be *no reasonable grounds to believe* the crime was committed. Thus, there are two different intent elements contained within each crime. *See State v. Buchanan*, 549 N.W.2d 291, 294 (Iowa 1996) (noting the knowing element denotes a general intent crime, as opposed to an "accident, mistake, carelessness, or absent-mindedness" on the part of the defendant (citation omitted)).

Furthermore, to satisfy the elements of malicious prosecution, the accused person must either be indicted or prosecuted, or the defendant's goal with regard to reporting the crime is for the accused to be indicted or prosecuted. *See* Iowa Code § 720.6 (noting the defendant must cause or attempt to cause the accused to be indicted or prosecuted). No such consequence for the accused is contained in section 718.6(1); all that is required is that the false report be made. Given these distinctions, we conclude the crime of making a false report and the crime of malicious prosecution contain different elements. Malicious prosecution "requires proof of a fact which the other [crime] does not." *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). Consequently, the crimes of false reporting and malicious prosecution can be committed and charged as separate offenses, and no merger of Wilson's convictions is required. *See Miller*, 841 N.W.2d at 588.

For these reasons, we affirm Wilson's convictions and sentence.

**AFFIRMED.**