# IN THE COURT OF APPEALS OF IOWA

No. 17-0651
Filed February 21, 2018

**IN THE INTEREST OF E.B.,**
**Minor Child,**

**E.B.,**
Appellant.

_____

Appeal from the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.

A child appeals a juvenile court order adjudicating him delinquent for intimidation with a dangerous weapon. **AFFIRMED.**

Robert B. Brock II of Law Office of Robert B. Brock II, P.C., Le Mars, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Mullins, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MULLINS, Judge.**

A child, E.B., appeals a juvenile court order adjudicating him delinquent for intimidation with a dangerous weapon. He argues the evidence was insufficient to support a finding beyond a reasonable doubt that he committed the delinquent act. He specifically contends the State failed to present evidence to establish the necessary showing that his actions placed someone "in reasonable apprehension of serious injury." *See* Iowa Code § 708.6 (2016).

On December 9, 2016, several students, including E.B., were sitting at a table together in study hall at their local high school. During the study-hall period, E.B. advised one of the students sitting at the table, T.H., he was going to "shoot up the school." E.B. asked T.H. if he could obtain a gun for him. When T.H. responded in the negative, E.B. advised he could likely get one from his brother. T.H. also testified that E.B. advised him at some other time that "he was going to start in the office so they couldn't announce that it was happening." One of the other students at the study-hall table, B.F., overheard E.B.'s remarks that he was going to "shoot up the school" and could obtain a gun from his brother. B.F. was concerned about the statement and believed E.B. was serious. B.F. sent the school principal an email regarding E.B.'s statement.

The school principal received B.F.'s report later that evening. The following Monday morning, the principal questioned E.B. about his statement. E.B. explained B.F. simply overheard him retelling a story about another person's statement. The principal took his word for it and took no action. A few days later, the principal received information from another student that prompted her to question T.H. Upon being questioned about his previous conversation with E.B.

in study hall, T.H. advised the principal that E.B. told him he would shoot up the school if he could get his hands on a firearm. T.H. noted E.B.'s plan was to start his attack in the office. The principal and other faculty members subsequently discussed the allegations with E.B. E.B. admitted that he made the statements but asserted he was only joking, referring to his statements as "shock humor, shock comedy." E.B. also advised the principal: "But if I did bring a gun to school I would go after the—not my friends, first I would go after the kids I don't like."

E.B. was suspended from school, and the principal notified local law enforcement of the situation. The State ultimately filed a delinquency petition alleging a violation of Iowa Code section 708.6. Following an adjudication hearing, the juvenile court adjudicated E.B. delinquent for "threatening to shoot or discharge a dangerous weapon within an assembly of people or in a building occupied by another person under circumstances raising a reasonable expectation the threat will be carried out." The court placed E.B. on formal probation. This appeal followed.

Juvenile delinquency proceedings are "special proceedings that serve as an alternative" to the criminal prosecution of children. *In re D.S.*, 856 N.W.2d 348, 351 (Iowa 2014) (quoting *In re J.A.L.*, 694 N.W.2d 748, 751 (Iowa 2005)). "We review the sufficiency of the evidence for juvenile adjudications de novo." *Id.* We give weight to the factual findings of the district court, especially concerning the credibility of witnesses, but we are not bound by them. *Id.* We presume the child is innocent "unless the state has proved beyond a reasonable doubt that the child engaged in" delinquent conduct. Iowa Code § 232.47(10).

As noted, E.B. argues the evidence was insufficient to support a finding beyond a reasonable doubt that he committed the delinquent act because the State failed to present evidence to establish the necessary showing that his actions placed someone "in reasonable apprehension of serious injury."

Iowa Code section 708.6 contains two variations of the offense of intimidation with a dangerous weapon.[1]  The State alleged, and the juvenile court found, E.B. committed the variation that, if he were an adult, would amount to a class "D" felony.  That variation provides:

> A person commits a class "D" felony when the person shoots, throws, launches, or discharges a dangerous weapon at, into, or in a building, vehicle, airplane, railroad engine, railroad car, or boat, occupied by another person, or within an assembly of people, and thereby places the occupants or people in reasonable apprehension of serious injury *or threatens to commit such an act under circumstances raising a reasonable expectation that the threat will be carried out.*

*Id.* § 708.6 (emphasis added).  This variation provides two alternatives for a criminal conviction or delinquency adjudication—a person commits intimidation with a dangerous weapon when the person *either* (1) "shoots, throws, launches, or discharges a dangerous weapon at, into, or in a building . . . occupied by another person, or within an assembly of other people, and thereby places the occupants or people in reasonable apprehension of serious injury" *or* (2) "threatens to commit such an act under circumstances raising a reasonable expectation that the threat will be carried out."  *See id.*; *see also State v. Vavrik*, 336 N.W.2d 193, 194 (Iowa 1983) (indicating the class "D" felony variation

---

[1] This offense was previously entitled "Terrorism."  *See* Iowa Code § 708.6 (2001).  In 2002, the legislature changed the name of the offense to "Intimidation with a dangerous weapon."  *See* 2002 Iowa Acts ch. 1075, § 8.

includes two alternatives and referring to the latter as the "threatening" alternative); *State v. Jennings*, No. 14-2098, 2016 WL 3269545, at *4 (Iowa Ct. App. June 15, 2016) ("There are two alternatives in the statute—shooting or discharging a dangerous weapon within an assembly of people, or threatening to shoot or discharge a dangerous weapon within an assembly of people."); *State v. Anderson*, No. 14-0423, 2015 WL 799788, at *2–5 (Iowa Ct. App. Feb. 25, 2015) (considering a sufficiency-of-the-evidence claim under the threatening alternative); *cf. State v. Ross*, 845 N.W.2d 692, 699 (Iowa 2014) (noting the class "C" felony variation of the offense includes a threatening alternative). E.B.'s delinquency adjudication was based on the latter alternative, which does not require a showing that his actions placed someone "in reasonable apprehension of serious injury." *See* Iowa Code § 708.6.

E.B. does not challenge the State's establishment of the elements for the alternative he was adjudicated delinquent under, the so-called threatening alternative. Upon our de novo review, we conclude the threatening alternative was supported by sufficient evidence to find beyond a reasonable doubt E.B. committed a delinquent act and therefore affirm E.B.'s delinquency adjudication.

**AFFIRMED.**