# IN THE SUPREME COURT OF IOWA

No. 08–0446

Filed June 25, 2010

**STATE OF IOWA,**

    Appellee,

vs.

**FREDERICK BRAGGS,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Don C. Nickerson, Judge.

Defendant claims trial counsel was ineffective for failing to challenge submission of a jury instruction that included assault as defined under Iowa Code section 708.1(1) (2005) as a lesser-included offense to the crime of attempt to commit murder. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, John Sarcone, County Attorney, and James Ward, Assistant County Attorney, for appellee.

**BAKER, Justice**.

The defendant, Frederick Braggs, appeals from his conviction for assault and contends his trial counsel was ineffective in failing to object to the instruction on assault as a lesser-included offense of attempt to commit murder. He claims we should overrule *Blanford v. State*, 340 N.W.2d 796 (Iowa Ct. App. 1983), and *State v. Powers*, 278 N.W.2d 26 (Iowa 1979), to the extent those decisions hold assault is a lesser-included offense of attempt to commit murder. We hold assault under Iowa Code section 708.1(1) (2005) is a lesser-included offense of attempt to commit murder, and, therefore, Braggs's counsel was not ineffective for failing to object to the instruction on this offense.

## I.      Background Facts and Proceedings.

In May 2007, Frederick Braggs forced his way into the apartment of Bobby Seirberling without Seirberling's permission. He then proceeded into the apartment and attacked Seirberling's girlfriend, Ngan Huynh. During these events, Seirberling hit his head on the intercom and was momentarily stunned. When he regained his footing, he looked back to see Braggs with his knee on Huynh's chest as she lay on the loveseat in the living room. Seirberling then ran downstairs to the manager's apartment to get help and call 911. When Seirberling returned upstairs to the apartment, he found Huynh laying in the doorway to his apartment. Huynh testified that after Seirberling left, Braggs held her down and stabbed her in the chest, neck, hip, and left arm with a knife while repeatedly saying, "I want to kill you." Braggs then fled the apartment. Eventually, the police and an ambulance arrived, and Huynh was taken to the hospital. She had four non-life-threatening injuries. However, the stab wound to her left arm required extensive surgery to repair a severed nerve.

Braggs was charged by trial information with burglary in the first degree in violation of Iowa Code sections 713.1 and 713.3, and willful injury in violation of Iowa Code section 708.4(1). The State later amended the trial information to add the charge of attempted murder in violation of Iowa Code section 707.11.

A jury trial was held. At trial, both Seirberling and Huynh identified Braggs as Huynh's assailant. Huynh testified further that she had met Braggs three or four months earlier when she was living in a homeless shelter. She knew Braggs only by the name "Fred" and testified she did not like him and that he bothered her. Friends of Braggs also testified that he was ranting and raving about his girlfriend earlier on the day of the attack. They testified he stated, "I can't believe all I done for her . . . and she treat me like this." One of the friends testified Braggs showed him a black-handled steak knife just before the friend dropped Braggs off at Blues on Grand, a bar located in the same block as Seirberling's apartment.

The trial court submitted jury instructions on the charge of attempted murder that read in part:

> If the State has proved all of the elements, the defendant is guilty of Attempt to Commit Murder. If the State has failed to prove any one of the elements, the defendant is not guilty of Attempt to Commit Murder and you will then consider the charge of Assault as explained in Instruction No. 39.

Instruction No. 39 read:

> The State must prove all of the following elements of Assault as a lesser included offense as charged in Count III:
>
> 1. On or about the 30th day of May, 2007, the defendant did an act which was meant to cause pain or injury to Ngan Huynh.
>
> 2. The defendant had the apparent ability to do the act.

If the State has proved all the elements, the defendant is guilty of Assault. If the State has failed to prove any one of the elements, the defendant is not guilty.

Braggs's attorney did not object to any of the jury instructions.

The jury returned verdicts of guilty to burglary in the first degree, willful injury causing serious injury, and the lesser-included offense of simple assault. The defendant appealed. The court of appeals affirmed his conviction. He filed an application for further review with this court, which we accepted.

## II. Scope of Review.

Generally we preserve ineffective-assistance-of-counsel claims for postconviction relief; however, we will address these claims on direct appeal if the record is sufficient. *State v. Lane,* 726 N.W.2d 371, 392–93 (Iowa 2007). We find the record adequate to address Braggs's claim.

To establish an ineffective-assistance-of-counsel claim, a defendant must demonstrate by a preponderance of the evidence that: " '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.' " *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008) (quoting *State v. Straw,* 709 N.W.2d 128, 133 (Iowa 2006)). The claim fails if either element is lacking. *Id.* In order to establish prejudice, the defendant must show " 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.' " *State v. Reynolds*, 746 N.W.2d 837, 845 (Iowa 2008) (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 698 (1984)).

## III. Discussion and Analysis.

In his appeal, Braggs alleges that the trial court erred in determining assault is a lesser-included offense of attempted murder and that his attorney provided ineffective assistance of counsel for failing to

object to the court's inclusion of assault as a lesser-included offense of attempted murder in the jury instructions.[1] He claims we should overrule *Blanford* and *Powers* to the extent those decisions hold assault is a lesser-included offense of attempt to commit murder. Counsel has no duty to make an objection or raise an issue that has no merit. *State v. Musser*, 721 N.W.2d 734, 752 (Iowa 2006). We therefore examine Braggs's claim that assault is not a lesser-included offense of attempted murder.

Assault was first declared a lesser-included offense of attempt to commit murder in 1979. *Powers*, 278 N.W.2d at 28 ("Assault is an included offense of the crime of attempt to commit murder."). This determination was reiterated in *Blanford* and in *State v. Luckett*, 387 N.W.2d 298 (Iowa 1986). *See Blanford*, 340 N.W.2d at 797 (stating assault with intent to cause serious injury is a lesser-included offense of attempted murder); *Luckett*, 387 N.W.2d at 299 (stating assault is a lesser-included offense of attempt to commit murder). These decisions and stare decisis would be the end of our analysis but for the 1978 rewrite of the Iowa Criminal Code.

Braggs claims that the cases cited in *Powers* as authority for its declaration that assault is a lesser-included offense of attempted murder were based upon the pre-1978 Iowa Code, which recognized the crime of assault with intent to murder. *See* Iowa Code § 690.6 (1977) ("If any person assault another with intent to commit murder, he shall be imprisoned in the penitentiary not exceeding thirty years."). This

---

[1]Before an offense may be submitted to the jury as a lesser-included offense of the charged crime, the court must determine (1) whether the offense is a lesser-included offense of the charged crime, and (2) whether there is a factual basis for submitting the offense in the pending case. *State v. Spates*, 779 N.W.2d 770, 774 n. 3 (Iowa 2010). The challenge here relates solely to the first determination, whether assault is a lesser-included offense of attempt to commit murder, a purely legal question.

assertion is correct. Both cases cited in *Powers* rely on the pre-1978 Iowa Code section 690.6. *See Powers*, 278 N.W.2d at 28 (citing State *v. Barney*, 244 N.W.2d 316, 318 (Iowa 1976) ("Defendant was charged with and convicted of assault with intent to commit murder."); *State v. Alford*, 260 Iowa 939, 941–43, 151 N.W.2d 573, 574–75 (1967) (defendant was accused of assault with intent to murder as defined in section 690.6), *overruled in part on other grounds by State v. Bester*, 167 N.W.2d 705, 710 (Iowa 1969)). This Code section was repealed, effective Jan. 1, 1978. 1976 Iowa Acts ch. 1245, ch. 4, §§ 526, 529. After the 1978 rewrite of the Iowa Criminal Code, the crime of attempt to commit murder replaced section 690.6. This statute provided:

> A person commits a class "C" felony when, with the intent to cause the death of any person and not under circumstances which would justify the person's actions, the person does any act by which he or she expects to set in motion a force or chain of events which will cause or result in the death of such other person.

*Id.* ch. 1245, ch. 1, § 711 (codified at Iowa Code § 707.11 (1979)). This new statute became effective Jan. 1, 1978. *Id.* ch. 2145, ch. 4, § 529. The statute has remained substantively unchanged since 1978. *See* Iowa Code § 707.11 (2009).[2]

As a result of these statutory revisions, an "assault" is no longer an express element of attempted murder. Therefore, we must determine whether assault is a lesser-included offense under the current statutory scheme, or whether *Powers, Blanford,* and *Luckett* should be overruled.

---

[2]We find no pertinent substantive difference between the 2005 and 2009 versions of the statutes at issue. Therefore, unless otherwise indicated all references are to the 2009 Iowa Code.

Iowa's test for determining whether an offense is a lesser-included of a greater offense was outlined in *State v. Jeffries*, 430 N.W.2d 728 (Iowa 1988).

> [U]nder the legal test the lesser offense is necessarily included in the greater offense if it is impossible to commit the greater offense without also committing the lesser offense. If the lesser offense contains an element not required for the greater offense, the lesser cannot be included in the greater. This is because it would be possible in that situation to commit the greater without also having committed the lesser. In using this test, we look to the statutory elements rather than to the charge or the evidence.

*Jeffries*, 430 N.W.2d at 740. The court determined that this type of strict statutory element approach was embodied in the Iowa Rules of Criminal Procedure and in the Iowa Code.[3] *Id.* at 736. This test is called the impossibility test. *State v. Shearon*, 660 N.W.2d 52, 55–56 (Iowa 2003).

In applying the impossibility test we only look to the statutory elements of the offenses. *Jeffries*, 430 N.W.2d at 740. The lesser offense cannot be included in the greater if it contains an element not required for the greater offense. *Id.* The offenses at issue are attempted murder and assault. The elements of attempt to commit murder are:

> 1. The person does any act which the person expects to set in motion a force or chain of events which will cause or result in the death of another.
>
> 2. The person does so with the intent to cause the death of another.

---

[3]Since this case was decided, the Iowa Rule of Criminal Procedure cited, rule 21(3), has been amended and changed to rule 2.22(3). However, it still retains the language the court relied upon: "In all cases, the defendant may be found guilty of any offense *the commission of which is necessarily included in that with which the defendant is charged.*" Iowa R. Crim. P. 2.22(3) (emphasis added). The Iowa Code section cited in *Jeffries*, section 701.9, remains the same today. Iowa Code § 701.9 (2009).

Iowa Code § 707.11.[4]   One of the the three alternative means of committing an assault is:

> 1.  Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.

Iowa Code § 708.1(1).[5]

Our review of the offenses reveals that to commit attempted murder a person must do an act by which the person intends to set in motion a course of events that will result in the death of another, Iowa Code section 707.11, and, under subsection (1) to commit assault a person must do an act which is intended to cause another pain or injury which will be painful, injurious, or offensive.  Iowa Code § 708.1(1).  As a practical matter, one cannot intend to set in motion a person's death without also intending to cause them pain or injury.  Death is the total cessation of all vital functions and signs of life.  *Black's Law Dictionary* 428 (8th ed. 2004).  To cause someone's death, one must injure them. *Id.* at 801 (to injure someone is to cause physical damage to a person's body).  Braggs's focus on the 1978 rewrite of the Iowa Code is misplaced. "It is not essential that the elements of the lesser offense be described in the statutes in the same manner as the elements of the greater offense." *State v. Turecek*, 456 N.W.2d 219, 223 (Iowa 1990).  Even though the attempted murder statute no longer includes assault in its title, it is impossible to commit attempted murder without also performing an act

---

[4]This Code section was amended in 2009, but the amendment does not change our analysis of this case.  *See* 2009 Iowa Acts ch. 119, § 52 (codified at Iowa Code § 707.11 (Supp. 2009)).

[5]We note that Iowa Code sections 708.1(2) and (3) may require a separate analysis which is not before us today because only subsection (1) was instructed on as a lesser-included offense.

which meets the statutory definition of an assault under Iowa Code section 707.1(1).

Both statutes require an expectation that the act will result in some harm. Attempted murder requires that the person expects to do something which will cause or result in the death of another. Iowa Code § 707.11. Assault has a similar element in that the offense requires a person have "the apparent ability to execute the act." *Id.* § 708.1. Apparent ability under the assault statute means only that the ability to complete the act be apparent to the actor, meaning " 'that his expectations of placing another in fear [or of causing them pain or injury] must be reasonable.' " *State v. Jackson*, 305 N.W.2d 420, 423 (Iowa 1981) (quoting 4 John L. Yeager & Ronald L. Carlson, *Iowa Practice: Criminal Law and Procedure* § 174 (1979)), *overruled on other grounds by State v. Lyman*, 776 N.W.2d 865, 873 (Iowa 2010); *accord Bacon ex rel. Bacon v. Bacon*, 567 N.W.2d 414, 418 (Iowa 1997) (stating what is important is the actor's intent, not the victim's perception). We find assault as defined under Iowa Code section 708.1(1) is a lesser-included offense of attempt to commit murder, as attempted murder cannot be committed without committing an assault as defined under that subsection.

Because assault under Iowa Code section 708.1(1) is a lesser-included offense of attempted murder, an objection on this ground would have been without merit. Therefore, we find Braggs's counsel was not ineffective for failing to object to the trial court's determination that assault is a lesser-included offense of attempted murder.

**IV.    Disposition.**

We affirm Braggs's conviction and sentence.

**AFFIRMED.**