# IN THE COURT OF APPEALS OF IOWA

No. 13-0271
Filed April 8, 2015

STATE OF IOWA,
    Plaintiff-Appellee,

vs.

HUBERT TODD, JR.,
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, James D. Coil,
District Associate Judge.


Hubert Todd appeals from his judgments and sentences following his
pleas of guilty to a variety of charges. **AFFIRMED.**


Jeffrey L. Powell of The Law Office of Jeffrey L. Powell, Washington, for
appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant
Attorney General, Thomas J. Ferguson, County Attorney, and Ryan Decker,
Shana Schwake, and Brook Jacobsen, Assistant County Attorneys, for appellee.


Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Hubert Todd appeals from the judgments and sentences entered following his pleas of guilty to a variety of charges. He contends the district court erred in denying his motion challenging the voluntariness of his guilty pleas. He also complains his trial counsel was ineffective in several respects. We affirm.

## I.    *Background and Proceedings*

By five separate trial informations, Todd was charged with the following offenses: (1) (AGCR176083) failure to comply with the sex offender registry, in violation of Iowa Code sections 692A.108 and 692A.111 (2009); (2) (SRCR178624) (count I) harassment in the second degree, in violation of section 708.7 (2011), (count II) public intoxication, in violation of sections 123.46 and 123.91; (3) (OWCR181006) (count I) operating while intoxicated, second offense, in violation of section 321J.2, (count II) driving while revoked, in violation of section 321J.21, (count III) public intoxication, in violation of section 123.46; (4) (SRCR181681) driving while revoked, in violation of section 321J.21; and (5) (SRCR182710) operating while revoked, in violation of section 321J.21.

A jury trial in SRCR181681 commenced on January 15, 2013. After the jury was selected and sworn in, trial was adjourned until the next day. After reconvening the next morning, the trial was recessed to facilitate plea negotiations on all five pending cases. After the recess, the court was informed the parties were "very close to reaching a deal that would resolve" the five cases. At the time Todd was serving a 60-day jail sentence on an unrelated conviction and had requested a compassionate release in order to address a sleeping disorder. The court told Todd that issue would be addressed later, and also told

him that he could request a delay in sentencing with regard to his proposed guilty pleas. Another recess was taken. Afterwards, Todd wanted to know "whether he is likely to get his compassionate release and get his medical issues taken care of, and that needs to be answered before [he] can do a plea." The court said it could give him no assurance of that. Trial was continued until the afternoon "to allow further opportunity to explore the possibility of resolving" the five pending cases. The court recognized, "The sticking point, I guess, for [Todd] is whether or not he is going to be given a compassionate release from serving 60 days in jail." Another judge had imposed the jail sentence, and the district court informed counsel it was not going to change that order.

When the afternoon session commenced, the court accepted Todd's written pleas of guilty to the driving while revoked charges in SRCR181681 and SRCR182710 and set sentencing in those cases for a later date. The jury was dismissed. An hour and forty-five minutes later, the court conducted another guilty plea hearing during which the court accepted Todd's guilty pleas to the failure to comply with the sex offender registry in AGCR176083, and the operating while intoxicated (count I) and public intoxication (count II) charges in the AGCR176083 and OWCR181006 cases and set sentencing for a later date.[1] The court then took testimony regarding Todd's request for a compassionate release. Despite the court's skepticism of the seriousness of Todd's medical

---

[1] Inexplicably, in neither of the plea hearings did the court address Todd's guilty plea to the harassment (count I) and public intoxication (count II) charges in case number SRCR178624. Todd's written guilty plea to these charges does not appear in the court file. Nevertheless, the parties do not dispute that Todd made such a written plea, and the court later entered a judgment and sentence based upon such written plea, just like it did in the other four cases.

condition, the court granted Todd's request and allowed him a one-week release from jail.

Two days later, Todd filed a pro se motion in arrest of judgment regarding case AGCR176083 asserting "the case was not filed correctly." He also filed a pro se motion to withdraw pleas in all five cases asserting he was pressured into pleading guilty. Hearing on the motions was held on February 4, 2013. Todd's counsel deferred to Todd for arguments on the motions. The court denied both motions and entered an order finding "there is no legal basis upon which to allow [Todd] to withdraw his pleas of guilty or arrest of judgment in any of the five above-captioned cases."

The sentencing hearing was conducted on February 18, 2013. At the start of the hearing, Todd withdrew his pro se motion for new counsel. At the conclusion of the hearing, after taking testimony and hearing Todd's allocution, the court sentenced Todd pursuant to the plea agreements made between the parties in all five cases. Written Plea of Guilty, Waiver of Rights, and Judgment and Sentence forms were filed in each of the five cases. Todd appealed. His appeal was transferred to this court in March 2015.

## II. Guilty Pleas

On appeal Todd challenges the voluntariness of his guilty pleas. If a defendant's plea is involuntary, article I, section 9 of the Iowa Constitution and the Due Process requirements of the Fourteenth Amendment are violated. *State v. Finney*, 834 N.W.2d 46, 61 (Iowa 2013). Moreover, Iowa Rule of Criminal Procedure 2.8(2)(b) requires the court to determine that a plea is "made voluntarily and intelligently." Compliance with rule 2.8(2)(b), however, fulfills the

constitutional requirements for a guilty plea. *State v. Myers*, 653 N.W.2d 574, 577 (Iowa 2002). Compliance with rule 2.8(2)(b) may be fulfilled by a written plea in serious and aggravated misdemeanor cases. *State v. Sutton*, 853 N.W.2d 284, 294 (Iowa Ct. App. 2014).

Todd asserts the "pending resolution of [his] medical furlough request rendered [his] guilty pleas involuntary." This assertion is belied by Todd's own statements. In each of his written guilty pleas, Todd states:

> Other than the agreement stated in paragraph no. 8 above, there is no other agreement that has been used to get me to enter this guilty plea. *No one has threatened me or made any promises to me to get me to enter this guilty plea. I am pleading guilty voluntarily and with an understanding of my rights.*

(emphasis added). Further, Todd claims the district court's "perfunctory colloquy . . . failed to adequately address the voluntariness of the plea." A court, in its discretion, may waive the in-court colloquy in serious or aggravated misdemeanor cases. Iowa R. Crim. P. 2.8(2)(b)(5); *Sutton*, 853 N.W.2d at 294. Todd requested the court to waive an in-court colloquy. The following appears in each of his written pleas:

> WAIVER OF RIGHT TO HAVE JUDGE TALK TO ME REGARDING THIS GUILTY PLEA.
> I understand that pursuant to Iowa Rule of Criminal Procedure 2.8, the court is required to address me personally regarding the nature of the charge(s); maximum and minimum punishment; the affect [sic] of the plea on my status under federal immigration laws; and the trial rights outlined in paragraph no. 7 above. I also understand that I can waive the right to have the court address me personally in open court about these things, and I want to waive this right, and ask the court to accept this guilty plea in my absence. I do not want to appear in court for the purpose of submitting this guilty plea and having it accepted by the court.

Nonetheless, the court did engage in a colloquy with Todd concerning cases SRCR181681 and SRCR182710:

> COURT: All right. Now, you have been over with your attorney all the rights that you waive by entering these pleas of guilty? TODD: Yes, sir.
> COURT: And do you understand those rights? TODD: Yes.
> COURT: And by entering these pleas of guilty are you telling me that you're willingly waiving those rights? TODD: Yes.
> COURT: Do you have any questions about your rights at this time? TODD: No, sir.

A similar colloquy was held concerning cases AGCR176083 and OWCR181006:

> COURT: . . . Now, as in the two prior cases that you entered your pleas of guilty, you have been over with your attorney all the rights that you waive by pleading guilty? TODD: Yes, sir.
> COURT: And do you understand those rights? TODD: Yes, sir.
> COURT: And by pleading guilty are you telling me that you're willing waiving those rights? TODD: Yes.
> COURT: Do you have any questions about your rights at this time? TODD: No.

Substantial compliance with the requirements of rule 2.8(2)(b) was made through the written pleas. Furthermore, compliance was bolstered by the in-court colloquies. Todd presents no evidence that he was "unduly pressured and coerced to plead guilty by his attorney, the prosecutor and the court." Nothing in the record indicates the voluntariness of Todd's pleas was sullied by Todd's mere hope that by pleading guilty his request for a medical furlough would be granted. We conclude Todd entered knowing, intelligent, and voluntary pleas. The district court did not err in refusing to grant Todd's motion in arrest of judgment and motion to withdraw guilty pleas.

### III.     *Ineffective Assistance of Counsel*

Todd complains his trial counsel was ineffective in several respects.  "We review claims of ineffective assistance of counsel de novo."  *Finney*, 834 N.W.2d at 49.  To prevail, Todd must show (1) counsel breached an essential duty and (2) prejudice resulted.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The claim fails "if either element is lacking."  *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008).  To establish prejudice, Todd must show that but for his counsel's unprofessional errors, the result of the proceedings would have been different.  *State v. Braggs*, 784 N.W.2d 31, 34 (Iowa 2010).  Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal, but we will address them if the record is sufficient.  *Id.*  We find the record sufficient to review Todd's claims in this direct appeal.

Todd claims his trial counsel was ineffective in failing to come to Todd's aid in regard to his pro se motion in arrest of judgment.  In his motion, Todd asserted AGCR176083 "was not filed correctly."  Todd's counsel deferred to Todd to orally argue the motion and stated, "And in particular the motion in arrest of judgment, I'm not quite sure what he's after with that because I've done a little bit of research, and I don't see a foundation in the case law for that argument."  In ruling on the motion, the district court found "that there is no legal basis upon which allow [Todd] to . . . arrest judgment in any of the five above-captioned cases."  And perhaps most telling as to the lack of merit of Todd's motion is the fact that he makes no argument on appeal regarding the merits of the motion.  In fact, there is nary a hint that the motion had even a scintilla of merit.  "When a party, in an appellate brief, fails to state, argue, or cite authority in support of an

issue, the issue may be deemed waived." *State v. Adney*, 639 N.W.2d 246, 250 (Iowa Ct. App. 2001). Nevertheless, we examined Todd's argument made to the district court and we agree with the district court, Todd's trial counsel, and, apparently, Todd's appellate counsel, that there is no legal merit to Todd's motion in arrest of judgment. Todd's trial counsel had no duty to make, or to assist Todd in arguing a matter without merit. *Braggs*, 784 N.W.2d at 35. Todd's counsel was not ineffective in this regard.

Todd also claims his trial counsel was ineffective in failing to ensure Todd's guilty pleas were knowing and voluntary, and in failing to come to his aid in arguing his motion to withdraw guilty pleas. We have already determined Todd's pleas were knowing and voluntary. Todd's counsel was not ineffective in this regard.

In case AGCR176083, Todd complains his trial counsel was ineffective for failing to obtain the pretrial deposition of a "key" witness, Jeanne Brinker, the sex offender registrar in Black Hawk County during the relevant period, July 2010 through April 2011. Todd was convicted of third degree sexual abuse in March 1998 and was required to register as a sex offender. *See* Iowa Code § 692A.2(1) (1997) (now § 692A.103 (2015)). Todd originally registered with the sex offender registry in October 2002, while he was serving time in the Iowa State Penitentiary. He was classified as a "Tier III" offender and thus required to appear in person at his local sheriff's office to verify his information on a quarterly basis. *See id.* § 692A.108(1)(c). With an original registration month of October, Todd was informed by the State that he was required to verify his information in person each October, January, April, and July. The complaint filed in case

AGCR176083 states Todd failed to appear for the January 2011 verification, and he was subsequently charged by trial information with failure to comply with the sex registry requirements "by failing to appear to verify relevant information" during the period of July 2010 through April 2011.

A Black Hawk County sheriff's report indicates Todd did not have a verification report for July 2010 until he was arrested in August 2010. He did call in to report he would be out of the area for a few days in November 2010. He did not report in person to the sheriff in January 2011 for the January 2011 verification. As of April 29, 2011, he had not reported in person for the April 2011 verification.

Brinker testified at Todd's sentencing hearing. She testified Todd was one of the persons she dealt with in maintaining the sex offender registry in Black Hawk County and that Todd would contact her by telephone on occasion. She testified Todd called on February 12, 16, 19, 24, March 15, 19, 30, November 10, 2010, and May 12 and June 9, 2011.

On appeal Todd asserts:

> A review of Ms. Jeanne Brinker's testimony at the sentencing hearing reveals how critical it would have been for his defense in that particular case. Defense counsel's failure to depose and adequately investigate the factual circumstances of Defendant's efforts to comply and Ms. Brinker's representations regarding compliance could have constituted a successful defense. Trial counsel's failure to do so is a deficiency in the performance of an essential duty and clearly prejudiced the Defendant. If she had properly deposed the witness it could have established the likelihood of his success on the merits in that case, a decision that would have impacted his decision regarding the eventual plea agreement.

Todd fails to tell us how deposition testimony from Brinker could have "established the likelihood of his success on the merits of [the] case." He does not suggest what helpful information would have been revealed by deposing Brinker pretrial. Instead, we are presented with nothing but Brinker's testimony from the sentencing hearing. And after our review of that testimony, we fail to see how testimony from Brinker could have helped Todd during the plea negotiations. Todd was charged with failure to make the requisite *in person* appearances to the sheriff's office. Telephone calls do not satisfy the in person requirement, and even if they did, there were no calls between November 10, 2010 and May 12, 2011. The calls Todd did make could not have possibly covered his January and April 2011 reporting requirements. Todd's argument that his trial counsel was ineffective for not taking a pretrial deposition of Brinker lacks merit. Todd's trial counsel was not ineffective in this regard.

Lastly, Todd complains his trial counsel was ineffective in failing to timely file a motion to suppress in SRCR182710. After a traffic stop on March 23, 2012, Todd was charged with operating a motor vehicle while revoked. Todd's trial counsel filed a motion to suppress alleging the police officer did not have probable cause to stop the vehicle. The district court denied the motion as untimely. *See* Iowa R. Crim. Pro. 2.11(4).

According to the Waterloo Police Department incident report, prior to the stop, the officer observed "a handicap placard hanging from the rear view mirror while the car was being operated." Iowa Code section 321L.4(1) (2011) provides, in relevant part:

> A persons with disabilities parking permit shall be displayed in a motor vehicle as a removable windshield placard or on a vehicle as a plate or sticker . . . when being used by a person with a disability, either as an operator or passenger. . . . *The placard shall only be displayed when the motor vehicle is parked in a persons with disabilities parking place*, . . . .

(Emphasis added.) When an officer observes a traffic offense, no matter how trivial, the officer has probable cause to stop the driver of the vehicle. *See State v. Harrison*, 846 N.W.2d 362, 365 (Iowa 2014). The officer observed Todd operating a vehicle in violation of section 321L.4(1) and therefore had probable cause to stop the vehicle. Todd's motion to suppress, asserting the officer had no probable cause to stop the vehicle, was devoid of merit. Even had the motion been timely filed, it would have been denied. Todd's counsel had no duty to timely file a meritless motion. *See Braggs*, 784 N.W.2d at 35. Todd's counsel was not ineffective in this regard.

For all the above reasons, we affirm Todd's judgments and sentences.

**AFFIRMED.**