**IN THE COURT OF APPEALS OF IOWA**

No. 14-1460
Filed April 27, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MATTHEW ELI VILLALPANDO,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Mark D. Cleve,

Judge.


        A defendant appeals follows resentencing for sexual abuse in the third

degree. **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant

Attorney General, for appellee.


        Considered by Vogel, P.J., Potterfield, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Matthew Villalpando appeals following resentencing for sexual abuse in the third degree, claiming his counsel was ineffective in failing to present more evidence to show a mandatory sentence would amount to cruel and unusual punishment. We affirm.

## I.    *Background Facts and Proceedings*

A jury found Matthew Villalpando guilty of sexual abuse in the third degree following an incident between twenty-three-year-old Villalpando and a fourteen-year-old girl. The jury also found Villalpando was the subject of a prior juvenile delinquency adjudication for sexual abuse in the third degree.[1] The district court invoked and applied Iowa Code section 901A.2(3) (2009), a sentencing provision requiring a person to serve "twice the maximum period of incarceration for the offense, or twenty-five years, whichever is greater."

On direct appeal, this court rejected Villalpando's sufficiency-of-the-evidence challenge and affirmed his conviction. *See State v. Villalpando*, No. 12-2039, 2014 WL 70256, at *1 (Iowa Ct. App. Jan. 9, 2014). However, this court concluded, and the State agreed, that *State v. Bruegger*, 773 N.W.2d 862, 884, 886 (Iowa 2009) required a remand to afford Villalpando "the opportunity to present evidence that the mandatory sentence under section 901A.2(3) was grossly disproportional to his underlying crimes." *See id.* at *1-2. Accordingly, the court vacated Villalpando's sentence and remanded for a hearing on whether section 901A.2(3) was unconstitutional as applied to him. *See id.* at *2.

---

[1] Specifically, Villalpando's juvenile record included a finding of juvenile delinquency for third-degree sexual abuse following an incident between then sixteen-year-old Villalpando and a twelve-year-old girl.

On remand, the district court took judicial notice of Villalpando's juvenile case file and the parties' respective briefs and oral arguments on the matter, addressed the factors set forth in *Bruegger*, 773 N.W.2d at 884-85, and ultimately determined Villalpando's sentence as initially imposed did not constitute cruel and unusual punishment. Villalpando appeals.

## II.     Scope and Standard of Review

Villalpando's claim on appeal is one of ineffective assistance of counsel. To prevail on his claim, Villalpando would have to show that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). We review the claim de novo. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

## III.    Discussion

Villalpando contends his counsel was ineffective in "present[ing] no additional evidence, but merely agree[ing] that the sentencing court may judicially notice [his] prior juvenile delinquency file and adjudication." According to Villalpando, "[H]ad defense counsel made any effort to present [him] in a positive light, there are serious questions whether the juvenile judge's conclusions are valid given that all of the underlying exhibits considered in the juvenile proceeding were unavailable to the sentencing judge in this case for his evaluation and conclusions." Upon our review, we conclude Villalpando has failed to prove either prong of his ineffective-assistance-of-counsel claim.

Villalpando appeared with counsel at the hearing on remand. Defense counsel indicated Villalpando would be presenting the juvenile court record as evidence and "making a legal argument based on the facts contained in that file

and . . . as applied to the *Bruegger* decision" through a written brief. Defense counsel filed a detailed brief addressing Villalpando's juvenile history and noting that several exhibits attached to the juvenile court's dispositional order had been lost or destroyed "[and] it now must be presumed the information contained in the exhibits would benefit Defendant." At the hearing, the State acknowledged "there is just nothing else to provide to the Court" in terms of exhibits. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

In any event, defense counsel's brief addressed the information the juvenile court relied on in its dispositional order and argued a mandatory sentence would amount to cruel and unusual punishment for Villalpando in this case:

> In [the juvenile case file] JVJV4341, the Defendant performed a sex act with a 12 year old. The victim was protected under Iowa Code 709.4(2)(b) and therefore could not legally consent to the sex act. It is an uncontested fact Defendant successfully completed sex offender therapy to such a degree to satisfy the juvenile court Defendant did not require placement on the sex offender registry. This fact substantially shows the opinion of the juvenile court was that Defendant was not seen as a threat or predator upon reaching the age of majority.
>
> The language in the dispositional order in JVJV4341 filed February 26, 2003 can only be described as a negative and harsh review of Defendant's personality and conduct. However, it can also be deduced the court viewed Defendant as a delinquent in the category discussed by Justice Kennedy in *Roper* [*v. Simmons*, 543 U.S. 551 (2005)] as a juvenile who was immature, acted impulsively, and had a personality less developed than an adult. By November 15, 2004, the Defendant had corrected his behavior, through counseling, to such a point the Juvenile Court for Muscatine County issued an order not requiring Defendant to register under Iowa Code 692A. These facts specifically show Defendant did respond to services, especially sex offender therapy, there was no concern that required sex offender registration, and there were no other factors that aggravated the juvenile matter to a

degree that the court required any more services, therapy, etc. after Defendant reached the age of majority. Without the exhibits attached to the Dispositional Order, no other legitimate theory or opinion of the juvenile matter can be met.

In sum, defense counsel argued:

> Defendant, in the juvenile matter, had conducted and improved himself through therapy to such a degree that the Juvenile Court and Juvenile Probation Office determined Defendant was not a threat and therefore not required to register as a sex offender upon reaching the age of majority. It is clear the Juvenile Court saw Defendant as an immature kid who acted impulsively without thought of the consequences. Therefore, application of Iowa Code 901A.2 would be cruel and unusual punishment in this matter.

We conclude counsel presented a meaningful individualized showing on Villalpando's behalf. Villalpando has not met his burden to show counsel breached an essential duty. *See Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008) (noting a claim of ineffective assistance of counsel fails if either element is lacking).

Moreover, there is no reasonable probability additional evidence would have altered the outcome of sentencing. *See State v. Braggs*, 784 N.W.2d 31, 34 (Iowa 2010) (setting forth the standard to establish prejudice—a reasonable probability that but for his counsel's alleged deficiencies, the result of the proceedings would have been different). The district court took judicial notice of the juvenile case file and the parties' respective briefs and oral arguments on the matter. The court addressed the factors set forth in *Bruegger*, 773 N.W.2d at 884-85, and observed Villalpando's offense did not involve a "Romeo and Juliet boyfriend, girlfriend-type relationship" but instead involved "more predator-like behavior" by Villalpando in "being involved in getting the 14-year-old victim drunk

and/or high on marijuana, and . . . having sex with the victim in the basement of the home." The court further observed Villalpando was "just a few days more than one month shy of his 16th birthday when the [juvenile] offense occurred" and the juvenile court had noted "the reports established [Villalpando] ha[d] serious attitude and behavior problems that have been treated by juvenile court services and other community agencies since at least 1998," but "[t]reatment ha[d] not been successful in any venue." Ultimately, the court concluded, "Villalpando's sentence as initially imposed is not one of the relatively rare cases where the defendant's sentence under Iowa Code section 902A.2(3) constitutes cruel and unusual punishment."

We affirm Villalpando's judgment and sentence following resentencing for sexual abuse in the third degree.

**AFFIRMED.**