# IN THE COURT OF APPEALS OF IOWA

No. 16-0753
Filed May 17, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTHONY DEMONTA THORPE JR.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

A defendant appeals his conviction asserting his counsel provided ineffective assistance. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Mullins, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Anthony Thorpe Jr. appeals his conviction for second-degree robbery following a jury trial. Thorpe asserts his counsel provided ineffective assistance when counsel failed to object to the admission of portions of the jail-visit video that he claims contains improper other-bad-acts evidence. *See* Iowa R. Evid. 5.404(b). Because the jury was able to consider this evidence, Thorpe claims he suffered prejudice. Assuming without deciding counsel should have objected to the portions of the video Thorpe contends were improper, we affirm Thorpe's conviction because we conclude Thorpe cannot prove the result of the proceeding would have been different.

**I. Background Facts and Proceedings.**

Lindsey Sprouse left work at the Von Maur in West Des Moines a few minutes after 6 p.m. on November 22, 2015, and headed to her vehicle in the parking lot. She was approached by an individual dressed in dark clothing wearing a black ski mask. She could see the individual's eyes and nose but not the rest of the person's face. The individual pointed a gun[1] at her, and Lindsey handed over her car keys, wallet, and cell phone. When the individual turned to get into Lindsey's vehicle, Lindsey ran to a coworker, who was getting into her own vehicle a few rows away. The coworker called the police as the individual driving Lindsey's car drove out of the parking lot at a high rate of speed.

The police dispatched the information regarding the description of the individual and the vehicle's year, make, model, color, and license plate number. An officer in Windsor Heights heard the dispatch, and within seconds, he

---

[1] It was later determined the gun was a BB gun.

observed a vehicle and driver matching the description pulling into the Walmart parking lot. The officer pulled directly behind the vehicle as the vehicle pulled into a parking space, blocking its exit; confirmed the license plate matched the stolen vehicle; and ordered the driver, Thorpe, to exit with his hands in the air. Officers discovered a BB gun in Thorpe's coat pocket, and on the passenger side seat, the police observed a black ski mask and Lindsey's wallet.

Lindsey was transported to the Walmart parking lot where she positively identified Thorpe as the individual who had stolen her vehicle. Thorpe was charged with second-degree robbery and held in jail. While in jail, Thorpe spoke with a visitor through the jail's video system. A short portion of that visit was introduced and shown at the jury trial, which occurred February 22, 2016. The jury found Thorpe guilty as charged, he was sentenced to ten years in prison with a seventy-percent mandatory minimum, and the fine was suspended.[2]

**II. Scope and Standard of Review.**

Our review of a claim of ineffective assistance of counsel is de novo in light of the claim's constitutional nature. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). When the claim is made on direct appeal, we must determine whether the record is adequate to resolve the claim or whether it must be preserved for postconviction relief proceedings. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Upon our review of the record in this appeal, we determine the record is adequate to address Thorpe's claim.

---

[2] During the trial, Thorpe also pled guilty to driving while barred. He was sentenced to ninety days in jail but given credit for ninety days already served. He does not appeal that conviction.

### III. Ineffective Assistance of Counsel.

In order to prove a claim of ineffective assistance, Thorpe must show counsel failed to perform an essential duty and he suffered prejudice as a result. *See Nguyen*, 878 N.W.2d at 752. Both elements must be proved by a preponderance of the evidence. *Id.* "[W]e measure counsel's performance against the standard of a reasonably competent practitioner." *Id.* (citations omitted). We presume counsel acted competently. *Id.* To prove prejudice, Thorpe must show a reasonable probability the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The evidence Thorpe challenges on appeal is the jail-visit video that was played for the jury. In the video, Thorpe is heard informing his visitor that he was getting kicked out of his home at the time of the incident. He stated he told the person he was living with that he was going to bring her "ten bands" and that he had "a lick on sixty bands."[3] The visitor questioned why Thorpe would steal a purse, and Thorpe explained that it was only his "first step" to "take the woman's car, park the car somewhere, and wait till tomorrow" so that "I can go hit this Western Union." The video was played for the jury without objection from trial counsel, and Thorpe on appeal claims the reference to obtaining sixty bands and

---

[3] On appeal, defense counsel and the State dispute whether in the video Thorpe says he was going to obtain "bands" or "bags," and they dispute the correct interpretation of those terms. Upon our review of the video, we agree with the State's assertion that Thorpe says the word "bands." However, in light of the overwhelming evidence of guilt in the case, it is unnecessary to delve into the details of the words and what they might have meant to the jury.

hitting the Western Union was inadmissible bad-acts evidence under Iowa Rule of Evidence 5.404(b).[4]

Assuming without deciding that the statements Thorpe made on the video that he was going to obtain sixty bands and that he planned to use the vehicle he stole to "hit" the Western Union the next day were bad-acts evidence that should have been excluded under rule 5.404(b), we conclude Thorpe's claim of ineffective assistance still fails. The State presented overwhelming evidence that Thorpe was the individual that held Lindsey at gun point and stole her wallet, cell phone, and vehicle. Thorpe was apprehended in Lindsey's vehicle minutes after the robbery and only a short distance away from the scene. Thorpe was the only occupant of the vehicle and was in possession of a BB gun. Inside the vehicle, the police discovered Lindsey's wallet, keys, and cell phone, and a black ski mask that Lindsey testified did not belong to her but was worn by her assailant. Lindsey was able to identify Thorpe as the perpetrator at the scene on the night in question. And while Thorpe asserts portions of the jail-visit video should have been excluded, he concedes the portion of the video, where he states his first step was to take the woman's car and park it somewhere, was properly admitted. In this court's view, this statement amounts to an admission by Thorpe that he committed the charged crime.

---

[4] Rule 5.404(b) provides:
    Crimes, wrongs, or other acts.
        (1) Prohibited use. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
        (2) Permitted uses. This evidence may be admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Because we conclude there is no reasonable probability of a different outcome had defense counsel objected to, and the trial court excluded, the portions of the jail-visit video Thorpe finds objectionable on appeal, he cannot established he was prejudiced by counsel's failure to object, and his ineffective-assistance claim fails. *See State v. Braggs*, 784 N.W.2d 31, 34 (Iowa 2010) (noting an ineffective-assistance claim fails "if either element is lacking"). We affirm Thorpe's conviction and sentence.

**AFFIRMED.**