# IN THE COURT OF APPEALS OF IOWA

No. 18-1917
Filed November 30, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**WILLIAM PAUL ROLAND,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Carol S. Egly and William A. Price, District Associate Judge.

William Roland appeals from his judgment and sentence for sexual exploitation of a minor. **CONVICTION AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND CASE REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

A jury found William Roland guilty of sexual exploitation of a minor in violation of Iowa Code section 728.12(3) (2017). He appeals claiming his counsel gave ineffective assistance.[1] He also challenges the restitution portion of his sentence. We find Roland did not prove his ineffective assistance of counsel claims. We find the district court should have determined Roland's ability to pay, so we vacate the restitution portion of his sentence and remand for a reasonable ability to pay determination.

## I. Facts and Proceedings.

In October 2017, Roland attended a deposition at the Polk County Courthouse in another criminal case in which he was a defendant. Also attending the deposition was a prosecutor who was covering for a double-booked colleague. When the prosecutor entered the deposition room, Roland was seated at the counsel table with a notebook in front of him. His attorney (deposition counsel) was with him. During the deposition, a question came up about the case number "or something along those lines." To help assist with the answer to the question, Roland began to flip through his notebook. The prosecutor observed a photograph in the notebook that concerned him. The photo appeared to be the image of a naked prepubescent female with her legs spread. The prosecutor was "stunned

---

[1] Judgment and sentence was entered on October 30, 2018, so the amended Iowa Code section 814.7 (Supp. 2019) does not preclude him from raising these claims of ineffective assistance on direct appeal. *See State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020) (noting "the 2019 amendments to Iowa Code sections 814.6 and 814.7 do not apply retroactively to direct appeals from a judgment and sentence entered before the statute's effective date of July 1, 2019. The determinative date is the date of the judgment of sentence that is appealed, not whether the appeal was already pending on July 1, 2019." (citations omitted)).

for a moment" and wanted to end the deposition and consult with a colleague before deciding how to handle the matter. The deposition was ended. Roland and his attorney left the room on their way to exit the courthouse. Meanwhile the prosecutor spoke to a colleague. One of the prosecutors ran downstairs to stop Roland and his attorney from leaving the courthouse. Deputies at the security station directed Roland and his attorney to return to the deposition room. Roland and his attorney complied. The prosecutors and a couple of deputies stood outside the deposition room. Roland's attorney stepped out of the deposition room and asked why they had been asked to return to the room. The prosecutor explained he had observed the photograph in Roland's possession and expressed his concerns. Roland's attorney went back into the deposition room and came back out with two images—the one the prosecutor observed during the deposition and a picture depicting a group of naked children. The attorney said she got them from her client. The prosecutor handed the two pictures to a deputy and directed the deputy to arrest Roland. Roland was arrested and charged with sexual exploitation of a minor in violation of Iowa Code Section 728.12(3).

At trial, Roland testified the photos were exhibits from one his cases. Although his testimony is not clear, his recollection was that the photographs were exhibits in the case in which the deposition was being taken and were also exhibits in his divorce case. He couldn't remember who gave him the photographs and said they came from the divorce case. The jury found Roland guilty of sexual exploitation of a minor in violation of Iowa Code Section 728.12(3).

Roland appeals claiming his deposition attorney and his trial attorney provided ineffective assistance. He also challenges the court's restitution award.

## II. Standard of Review.

We review Roland's ineffective-assistance-of-counsel claims de novo. *State v. Ortiz,* 905 N.W.2d 174, 179 (Iowa 2017).

## III. Analysis.

### A. Ineffective assistance of counsel.

To establish a claim of ineffective assistance of counsel, Roland must show (1) his counsel failed to perform an essential duty, and (2) this failure resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 693 (1984); *State v. Dalton*, 674 N.W.2d 111, 119 (Iowa 2004). Roland must prove both prongs by a preponderance of the evidence. *State v. Gant*, 597 N.W.2d 501, 504 (Iowa 1999).

### B. Deposition counsel.

Roland claims that his deposition counsel

> at the time of the search and seizure, had a duty to inform him of his rights including his right to refuse to tender the contents of the notebook in the absence of a warrant. Instead, she cooperated with law enforcement by procuring the inculpatory evidence from him and providing it to law enforcement.

He asserts his deposition counsel "failed to provide him with legal advice while both were detained by law enforcement." The record is devoid of any evidence about what took place in the deposition room between Roland and his counsel before she provided the photographs to the deputies. We know nothing of their conversation or what advice his attorney gave.

> "Generally, claims of ineffective assistance of counsel are preserved for postconviction relief proceedings." Preserving these claims for postconviction relief allows the parties to develop an adequate record of the claims and provides the attorney charged with ineffective assistance with the "opportunity to respond to defendant's

claims." However, if "the record is adequate, we may resolve the claim on direct appeal."

*State v. Harrison*, 914 N.W.2d 178, 206 (Iowa 2018) (citations omitted). "We will address on direct appeal claims of ineffective assistance of counsel only if we determine the development of an additional factual record would not be helpful and these elements can be decided as a matter of law." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). The record is inadequate to assess this claim. So we need not discuss or decide questions of the validity of this ineffective-assistance-of-counsel claim (deposition counsel was not Roland's trial counsel in this case), or whether deposition counsel had a duty to inform Roland of his right to refuse to tender the photographs without a warrant, or when that duty may have attached.

**C. Trial counsel.**

Roland claims his trial attorney was ineffective in failing to file a motion to suppress the photographs that were obtained as a result of an illegal seizure and subsequent warrantless search. The State counters that Roland's trial counsel was not ineffective in failing to move to suppress because, the State argues, there was no seizure, there was no search, Roland could have been arrested and then searched incident to arrest, and, even if the search were unlawful, the inevitable-discovery doctrine applies.

Although the parties raise interesting issues, there is precious little evidence to guide us in this direct appeal. Was there a seizure? The prosecutor asked one of his colleagues "to run downstairs and stop Mr. Roland and his attorney from leaving the courthouse." He then testified, "We were able to get down to the security station at the front of the courthouse and have the deputies direct him

back to the deposition room; 'him' being Mr. Roland and his counsel." Roland and his counsel went back to the deposition room and went inside while the prosecutor, his colleague, and a couple of deputies remained out in the hallway. We have not a clue as to exactly what was told to Roland or his counsel or how it was told. At some point Roland's counsel came out of the deposition room and inquired why they had been asked to return to the room. The prosecutor "explained to her that [he] observed that photograph in the defendant's possession." After telling her what his "concerns" were, Roland's attorney went back into the deposition room and came back out with the photographs in issue. We don't know how long counsel was in the room with Roland or what she told him. The prosecutor learned that the attorney received the photographs from Roland. This record is insufficient for determining whether there was an illegal seizure or search. The State argues no harm no foul even if there was an illegal search for the photographs would have inevitably been legally discovered. The State has the burden of proving the evidence would have been discovered through lawful means. *State v. Vincik*, 436 N.W.2d 350, 354 (Iowa 1989); *see also Hogan v. Kelley*, 826 F.3d 1025, 1028 (8th Cir. 2016) ("For [the inevitable-discovery doctrine[2]] to apply, the government must prove by a preponderance that there was a reasonable probability that the evidence would have been discovered by lawful means in the absence of police misconduct and that the government was actively pursuing a substantial, alternative line of investigation at the time of the constitutional violation."). With

---

[2] Under the inevitable-discovery doctrine, "relevant, probative evidence gathered despite Fourth Amendment violations is not constitutionally excluded when the police would have inevitably discovered the same evidence acting properly." *State v. Christianson*, 627 N.W.2d 910, 912 (Iowa 2001).

the skimpy record, we cannot conclude the State met its burden of establishing applicability of the inevitable-discovery doctrine.  The record is simply inadequate to assess the claim of ineffective assistance by trial counsel.

Roland also claims his trial counsel was ineffective "for failing to challenge Iowa Code § 728.12(3) as constituting a violation of Roland's right to assist counsel."  That section provides, in pertinent part: "It shall be unlawful to knowingly purchase or possess a visual depiction of a minor engaging in a prohibited sexual act or the simulation of a prohibited sexual act."  Iowa Code § 728.12(3).  The section "does not apply to law enforcement officers, court personnel, licensed physicians, licensed psychologists, or attorneys in the performance of their official duties."  *Id.* § 728.12(4).  Roland's argument goes like this: Roland has a fundamental constitutional right to effective assistance of counsel.  The right to counsel includes the right to assist counsel.  To assist counsel, it is necessary that Roland have access to evidence.  Roland concludes he had a constitutional right to possess the images that were evidence in the criminal case, which was the subject of the deposition he was attending.  He maintains, "Charging criminal defendants for possessing evidence being used in prosecutions can only serve to chill the full and free exchange of information between the defendant and his attorney."  Thus, application of section 728.12(3)—the prohibition on possessing child pornography—restricts his right to assist his counsel.  A similar argument was raised and rejected in in *United States v. Johnson*, 456 F. Supp. 2d 1016 (N.D. Iowa 2006).  A federal statute, 18 U.S.C. 3509(m), prevents the unauthorized release and redistribution of child pornography that law enforcement officers and the government have gathered for use in a criminal trial.  *Johnson*, 456 F. Supp.

2d at 1018. The statute requires that the child pornography remain in the "care, custody, and control" of the court or government at all times. *Id.* Defendants and their legal counsel may inspect, view, and examine the child pornography, but cannot take it out of the custody of the court or government. *Id.* Under the record, it appears the procedures used here are very similar to the federal scheme. *Johnson* held that:

> [18 U.S.C.] § 3509(m) is not unconstitutional on its face. The statute's requirement that all child pornography used in criminal trials shall remain in the possession of the government or the court does not unduly burden the rights of defendants to fair trials. The statute imposes no restrictions upon what defendants may or may not introduce at trial. Section 3509(m) only restricts *who* may possess the child pornography and whether the child pornography may be copied. These restrictions on custody, care, control and copying are reasonable.

*Id.* at 1019. We agree with the opinion's rationale, and we reject Roland's argument. Iowa Code section 728.12(3) does not restrict a defendant from every reasonable chance to prepare for his or her defense. Roland makes no claim that he was restricted access to the material. The record establishes that there are procedures in place that permit a defense team to view contraband images before trial. So we see no legal reason why accused sex offenders should be permitted to possess child pornography when they are facing criminal prosecution for possessing child pornography. Taken to its logical extreme, Roland would allow one accused of a drug offense to continue to possess the drugs during prosecution of his or her criminal case, or one accused as a felon in possession of a firearm to continue to possess the firearm. Roland's argument lacks any reasons as to why he needed the images to assist his attorney in his defense in the other criminal matter. The record establishes that Roland's counsel had access to the images.

We reject Roland's argument.  Because his argument has no merit, Roland's trial counsel had no duty to raise it.  *See State v. Braggs*, 784 N.W.2d 31, 35 (Iowa 2010) (stating counsel has no duty to raise a meritless argument).

### D. Restitution.

The district court ordered restitution without first conducting the applicable reasonable-ability-to-pay analysis.[3]  Thus, we vacate the restitution portion of the defendant's sentence and remand for resentencing consistent with the analysis set out in State v. *Albright*, 925 N.W.2d 144, 161–62 (Iowa 2019).[4]

---

[3] *See State v. Albright*, 925 N.W.2d 144, 159–60 (Iowa 2019) (clarifying certain items of restitution are subject to a reasonable-ability-to-pay determination and that a plan of restitution is not complete until the sentencing court issues the final restitution order, which must consider the offender's reasonable ability to pay those items of restitution); *see also State v. Moore*, 936 N.W.2d 436, 439 (Iowa 2019) (letting stand on further review this court's ruling vacating the restitution order and remanding the case for a determination of the defendant's reasonable ability to pay after receipt of a final restitution plan).  We note the district court issued the sentencing order before *Albright* and did not have the benefit of the case and its progeny.  *See generally State v. Gross*, 935 N.W.2d 695, 702 (Iowa 2019) (noting the court had applied the clarification in many cases in which the sentencing order predated *Albright*).

[4] Iowa Code chapter 910 was recently amended to presume a defendant has the ability to pay and shifts the burden to the defendant to request an ability-to-pay determination.  *See* 2020 Iowa Acts ch. 1074, § 72 (to be codified at § 910.2A (2021)) (enacting portions of Senate File 457 and providing "[a]n offender is presumed to have the reasonable ability to make restitution payments for the full amount of category "B" restitution").  However, our supreme court issued an order clarifying the recent amendments apply to defendants sentenced on or after June 25, 2020.  *See* Iowa Supreme Ct. Supervisory Order, *In the matter of Interim Procedures Governing Ability to Pay Determinations and Conversion of Restitution Orders* ¶(C) (July 7, 2020) ("A defendant sentenced on or after June 25, 2020, shall be subject to the requirements of S.F. 457.").

**IV. Conclusion.**

We affirm Roland's conviction of sexual exploitation of a minor.  We vacate the restitution portion of his sentence and remand to the district court on this issue.

**CONVICTION AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND CASE REMANDED FOR RESENTENCING.**