# IN THE COURT OF APPEALS OF IOWA

No. 21-0475
Filed March 30, 2022

**WYATT JOHNSON,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

The applicant appeals from the summary dismissal of his second application for postconviction relief. **AFFIRMED.**

Tiffany Kragnes, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

Wyatt Johnson appeals the dismissal of his second application for postconviction relief (PCR). He contends the district court was wrong to summarily dismiss his application as time-barred, arguing *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018), is a new ground of law that allows him to raise the claim he is actually innocent of the 2009 murder[1] to which he pled guilty outside the three-year statute of limitations for PCR actions. *See* Iowa Code § 822.3 (2019) ("All other applications must be filed within three years from the date . . . the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.").[2] Before dismissal, Johnson maintains he should have been given the opportunity in this PCR action "to present evidence in the district court to show how he is actually innocent." "We review summary dismissals of [PCR] applications for errors at law." *Schmidt*, 909 N.W.2d at 784.

We summarized the facts in a prior case:

> On April 28, 2009, two groups of young men—affiliated with two separate gangs—met at a park in Waterloo to fight out their differences. Johnson was not a member of either gang but went to the park to watch the fight. Ultimately, Johnson, who was armed with a knife, became involved in the altercation. Two individuals, Steven Perry and Bryce Smith, were stabbed during the course of the fight. A third individual, Kevin Garcia, was stabbed in the chest and died.
> Johnson was charged with attempted murder for the stabbings of Perry and Smith, willful injury causing serious injury for the stabbing of Perry, and willful injury causing bodily injury for the stabbing of Smith. Johnson was also charged with first-degree

---

[1] Johnson also entered *Alford* guilty pleas to two counts of attempted murder, willful injury causing serious injury, and willful injury causing bodily injury. His claim of actual innocence only applies to his conviction for second-degree murder.

[2] It is undisputed that Johnson's three-year window expired in 2015.

> murder for the death of Garcia, under the alternative theories of felony murder and murder by premeditation.
> 
> A jury trial commenced in August 2011, but ended in a mistrial. A second jury trial began in January 2012. Before the trial concluded, Johnson pled guilty to murder in the second degree for the death of Garcia and pled guilty to all charges arising from the stabbings of Perry and Smith.

*Johnson v. State*, No. 15-0078, 2016 WL 1358532, at *1 (Iowa Ct. App. Apr. 16, 2016).

Here, Johnson bases his claim of actual innocence on evidence that was available in his 2012 trial and when Johnson pled guilty to second-degree murder—that the DNA of the two men he stabbed who survived was found on his knife, but not the DNA of the third man, Garcia, who died of his stab wound. Johnson maintains the lack of Garcia's DNA proves Johnson's knife is not the weapon that stabbed him so Johnson is not the murderer.

In *Schmidt*, our supreme court overruled its prior case law and held "the Iowa Constitution allows freestanding claims of actual innocence, so applicants may bring such claims to attack their pleas even though they entered their pleas knowingly and voluntarily." 909 N.W.2d at 781. But while *Schmidt* provided applicants with the chance to assert a claim of actual innocence, it did not do away with the procedural requirements of PCR actions. *See id.* at 798–99. And relying on *Schmidt* as a new ground of law, without a new ground of fact to support the claim of actual innocence, is not enough to overcome the time-bar in section 822.3. *See id.* at 789 ("Thus, to avoid the three-year statute of limitations in section 822.3, an applicant must show he or she could not have raised the ground of fact within the applicable time period."); *see also Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020) ("We have found *Schmidt* does not apply to overcome the statute of

limitations where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period."). In other words, because Johnson does not base his claim of actual innocence on a newly discovered fact that could not have been discovered within the three-year statute of limitations, the district court was correct to dismiss Johnson's claim as time-barred. *See Quinn*, 954 N.W.2d at 77 (affirming the denial of a PCR application when "[t]he evidence presented to support [the applicant's] claim of actual innocence was unquestionably available to him within the limitations period").

In the alternative, Johnson claims his PCR counsel provided ineffective assistance. To prevail on a claim of ineffective assistance of counsel, the PCR applicant "must establish counsel breached a duty and prejudice resulted." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012). Specifically, Johnson alleges PCR counsel provided ineffective assistance by "failing to properly challenge and respond to a motion for summary judgment in accord with the Iowa Rules of Civil Procedure." He asserts the rules required the State to include with its motion to dismiss "a statement of disputed facts, if any, and a memorandum of authorities supporting the resistance." Iowa R. Civ. P. 1.981(3). Next, he makes the leap that it was counsel's "fail[ure] to ensure the State properly abided by the Rules of Civil Procedure which resulted in a summary dismissal of his [PCR action] without full evidentiary hearing." But if PCR counsel had moved to strike the State's motion to dismiss for noncompliance—as Johnson maintains counsel had a duty to do—there is no reason to believe the State could not have cured any alleged defect in its motion and refiled. So moving to strike the State's motion to

dismiss would not have prevented the district court from dismissing Johnson's PCR action without an evidentiary hearing. Johnson cannot establish prejudice; so, his ineffective-assistance claim fails. *See State v. Braggs*, 784 N.W.2d 31, 34 (Iowa 2010) ("The claim fails if either element is lacking.").

We affirm the dismissal of Johnson's second PCR application.

**AFFIRMED.**